Rene Barge – State Bar No.182317
Katherine J. Odenbreit – State Bar No. 184619
CLASS ACTION LITIGATION GROUP
11111 Santa Monica Blvd., Suite 1000
Los Angeles, California 90025-3344
Telephone: (310) 481-9851
Facsimile: (310) 479-7051

Attorneys for Plaintiffs HAYLEY FORD and SHANNON J. KRAMER, individually and
on behalf of other members of the public similarly situated

FILED

07 APR 23 PM 2: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYLEY FORD and SHANNON J. KRAMER, individually, for class members, and on behalf of other members of the public similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MENU FOODS INCOME FUND; MENU FOODS MIDWEST CORPORATION; MENU FOODS SOUTH DAKOTA, INC.; MENU FOODS, INC.; MENU FOODS HOLDINGS, INC.; DEL MONTE FOODS COMPANY; NESTLE PURINA PETCARE COMPANY; HILLS PET NUTRITION; NUTRO PRODUCTS, INC.; WAL-MART STORES; PETCO ANIMAL SUPPLIES, INC.; PETCO SOUTHWEST, INC.; PETCO ANIMAL SUPPLIES STORES, INC., THE IAMS COMPANY; FRY'S FOOD CENTERS; SMITH'S FOOD AND DRUG CENTERS, INC.; KROGER CO.; CHEMNUTRA, INC. and PETSMART, <br><br> Defendants. | CASE NO. '07 CV 0734 BTM (RBB) <br><br> JURY TRIAL REQUESTED <br><br> **CLASS COMPLAINT FOR DAMAGES:** <br><br> 1. STRICT PRODUCT LIABILITY— DEFECTIVE DESIGN OR MANUFACTURE; <br> 2. STRICT PRODUCT LIABILITY— FAILURE TO WARN; <br> 3. SOUNDING IN FRAUD; <br> 4. BREACH OF IMPLIED WARRANTY; <br> 5. BREACH OF EXPRESS WARRANTY; <br> 6. NEGLIGENCE; AND <br> 7. UNJUST ENRICHMENT <br><br> **VIA FAX** |

1

Dockets.Justia.com

### CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs HAYLEY FORD AND SHANNON J. KRAMER (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, who file this Class Action Complaint pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), seeking monetary relief for themselves and the classes they seek to represent. This suit is brought against MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS, INC., MENU FOODS HOLDINGS, INC., DEL MONTE FOODS COMPANY; NESTLE PURINA PETCARE COMPANY, HILLS PET NUTRITION, WALMART STORES, NUTRO PRODUCTS, INC., PETCO ANIMAL SUPPLIES, INC.; PETCO SOUTHWEST, INC.; PETCO ANIMAL SUPPLIES STORES,INC.; THE IAMS COMPANY, KROGER CO.; FRY'S FOOD CENTERS; SMITH'S FOOD AND DRUG CENTERS, INC.; CHEMNUTRA, INC. and PETSMART, representing as follows:

### GENERAL ALLEGATIONS

1.     This is class action brought against defendants for negligence in manufacturing and distributing contaminated the pet food supply making the food unfit for animal consumption, for purposely failing to warn consumers of the contaminated pet food in a timely manner, and an action for damages relating to Defendants' design, manufacture, sale, testing, marketing, advertising, promotion and/or distribution of unsafe dog and cat food through retailers within the United States and fraud. As a result of Defendants' actions, Plaintiffs and other similarly situated pet owners have been damaged.

2.     This Court has jurisdiction over the subject matter and Defendants in this case pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the matter in controversy involves a request that the Court certify a class action.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, conduct and damages complained of occurred in this district.

2

**PARTIES**

4.    Plaintiff HAYLEY FORD is and was at all relevant times a resident of Jonestown, Texas.

5.    Plaintiff SHANNON J. KRAMER is and was at all relevant times a resident of Mesa, Arizona.

6.    Defendant MENU FOODS INCOME FUND is an unincorporated company with its principal place of business in Ontario, Canada.  It is doing business in the United States and in the State of California.  Jurisdiction is appropriate pursuant to the California Long Arm Statute, Sec. 410, and service may be affected through the Hague Convention on service abroad of judicial and extrajudicial documents and civil or commercial matters at 8 Falconer Drive, Streetsville, Ontario Canada L5N 1B1.

7.    MENU FOODS MIDWEST CORPORATION is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

8.    Defendant MENU FOODS SOUTH DAKOTA, INC. is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

9.    Defendant MENU FOODS HOLDINGS, INC. is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

10.    Defendant MENU FOODS, INC. is a New Jersey corporation and may be served through its registered agent for service, Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey.

11.    Defendant DEL MONTE FOODS COMPANY, is a Delaware corporation registered to conduct business in the State of California and may be served through its registered agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

12.    Defendant THE IAMS COMPANY is an Ohio corporation registered to do

1   business in the State of California and may be served through its registered agent for

2   service, CT Corporation System, 818 West Seventh Street, Los Angeles, California.

3        13.     Defendant NESTLE PURINA PETCARE COMPANY, is a Missouri

4   corporation registered to do business in the State of California and may be served through

5   its registered agent for service, CT Corporation System, 818 West Seventh Street, Los

6   Angeles, California 90017.

7        14.     Defendant HILLS PET NUTRITION is a Delaware corporation registered to

8   do business in the State of California and may be served through its registered agent for

9   service, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

10       15.     Defendant NUTRO PRODUCTS, INC. (hereinafter "NUTRO") is a

11   California corporation and may be served through its registered agent for service, Ronald

12   Ong, 445 Wilson Way, City of Industry, California 91744.

13       16.     Defendant PETSMART, INC. is a Delaware corporation registered to do

14   business in the State of California and may be served through its registered agent for

15   service, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

16       17.     Defendant WAL-MART STORES is a Delaware corporation and may be

17   served through its registered agent The Corporation Company, 425 W. Capitol Avenue,

18   Ste. 1700, Little Rock, Arizona 72201.

19       18.     Defendant PETCO ANIMAL SUPPLIES, INC. is a Delaware corporation

20   registered to do business in the State of California with its designated principal place of

21   business located in San Diego, County of San Diego, California and may be served through

22   its registered agent for service Corporation Service Company d.b.a. Lawyers Incorporating

23   Service, P.O. Box 526036, Sacramento, California 95852.

24       19.     Defendant PETCO SOUTHWEST, INC. is a California corporation with its

25   principal place of business located in San Diego, California, County of San Diego.

26       20.     Defendant PETCO ANIMAL SUPPLIES STORES, INC. is a Delaware

27   corporation registered to do business in the State of California with its designated principal

28   place of business located in San Diego, California, County of San Diego.  (Defendants

4

1  PETCO ANIMAL SUPPLIES, INC., PETCO SOUTHWEST, INC., and PETCO
2  ANIMAL SUPPLIES STORES, INC. are hereafter collectively referred to as "PETCO").

3      21.    Defendant FRY'S FOOD STORES is a wholly owned subsidiary of
4  SMITH'S FOOD & DRUG CENTERS, INC.  Both companies are owned and operated by
5  KROGER CO., an Ohio corporation and may be served through their agent for service of
6  process Csc-Lawyers Incorporating Service, 50 West Broad Street, #1800, Columbus, Ohio
7  43215. Defendant FRY'S FOOD STORES may be served through its agent for service of
8  process, Smith's Food & Drug Centers, Inc., 500 S. 99th Avenue, Tolleson, Arizona 85353.
9  Defendant SMITH'S FOOD & DRUG CENTERS, INC. may be serve through its agent for
10 service or process, Smith's Food & Drug Centers, Inc., 1550 S. Redwood Road, Salt Lake
11 City, Utah 84104.

12     22.    Defendant CHEMNUTRA, INC. (hereinafter "CHEMNUTRA) is a
13 Delaware corporation with its' principal place of business in Nevada and may be served
14 through its registered agent for service of process National Registered Agents, Inc., 160
15 Greentree Drive, Ste. 101, Dover, Delaware 19904.

16     22.    Defendants MENU FOODS INCOME FUND, MENU FOODS MIDWEST
17 CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS, INC.,
18 MENU FOODS HOLDINGS, INC., (collectively referred to as "MENU FOODS"), DEL
19 MONTE FOODS COMPANY ("DEL MONTE"), NESTLE PURINA PETCARE
20 COMPANY ("NESTLE"), HILLS PET NUTRITION, INC. ("HILLS"), PETSMART,
21 WAL-MART STORES ("WAL-MART"), PETCO ANIMAL SUPPLIES, INC.; PETCO
22 SOUTHWEST, INC.; PETCO ANIMAL SUPPLIES STORES, INC.; ("PETCO"), THE
23 IAMS COMPANY ("IAMS"); KROGER CO., ("KROGER"); FRY'S FOOD STORES
24 ("FRYS"); SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S"); CHEMNUTRA,
25 INC. ("CHEMNUTRA") and NUTRO PRODUCTS, INC. ("NUTRO") are hereinafter
26 collectively referred to as "Defendants."

27 ///
28 ///

## JURISDICTION AND VENUE

23.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332(d)(2) and the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005). The matter in controversy exceeds $5,000,000, is a class action and there are members of the proposed Class that are citizens of States different than at least one of the Defendants.

24.    Venue is proper in this District under 28 U.S.C. § 1391(b), ( c) and (d) and/or Pub. L. 109-2 (Feb. 18, 2005) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Thousands of consumers, including members of the Class, purchased pet food products manufactured, distributed, marketed and/or sold by Defendants in this judicial district or others controlled or in privity with. Defendant retailers or others sold deadly pet food products to the general public and members of the Class. Pet food products manufactured, distributed and/or sold by Defendants were purchased for consumption by the pets of Plaintiffs and other members of the Class. Defendants made or caused these products to be offered for sale and sold to the public.

25.    Defendant Menu Foods Income Fund is a foreign corporation with headquarters outside the United States and manufactures and distributes the pet food products through United States retailers in this District. Defendants Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., Menu Foods, Inc. and Menu Foods Holdings, Inc., Del Monte Foods Company, Nestle Purina Petcare Company, Nutro, PetSmart, Wal-Mart Stores, Petco, The Iams Company, Kroger Co, Fry's Food Stores, Smith's Food And Drug Centers, Inc.; ChemNutra, Inc. and Hills Pet Nutrition, Inc. are all subject to personal jurisdiction in this District.

## FACTS

26. Defendants are in the business of manufacturing, producing, distributing, and/or selling pet food under various brands or labels, and/or for third-party firms. Defendants MENU FOODS have manufactured or produced pet food for over 100 different

1 private labels and for approximately 17 leading retailers in the United States. On or about
2 March 15, 2007, Defendants MENU FOODS informed the Food and Drug Administration
3 that they had become aware that pet food manufactured and distributed by them in the
4 United States was contaminated and causing injury and/or death to cats and dogs who
5 consumed the food. Defendants MENU FOODS believed at the time the contamination
6 came from a new supplier of Wheat Gluten which was added to the pet food, which it
7 purchased from Defendant CHEMNUTRA. Defendants MENU FOODS conducted their
8 own tests concluding that the contaminated food resulted in one out of every six pets who
9 consumed the food died.

10      27.    On or about February 11, 2007, Plaintiff FORD purchased at H.E.B Foods, the
11 following Hill Country Fare dog food: Country Stew in Gravy, Beef in Gravy, and Chicken in
12 Gravy. On February 13, 2007, Plaintiffs FORD's dog Mickie stopped eating and would drink
13 water excessively. Over the next few days, Mickie's condition deteriorated. On February 15,
14 2007, Plaintiff FORD took Mickie to a veterinarian. Mickie was having trouble breathing. Mickie
15 was with kidney failure and was given a poor prognosis for recovery. On February 15, 2007,
16 Mickie was euthanized to end her suffering.

17      ·28.    Between late January 2007 to about February 18, 2007, Plaintiff KRAMER
18 purchased Special Kitty and Pet Pride pet food products from Defendants WAL-MART
19 and FRY'S FOOD STORES. On or about February 20, 2007, Plaintiff KRAMER's cat,
20 "Mamma Cat", began exhibiting symptoms of severe illness. KRAMER took Mamma Cat
21 to the veterinarian on February 22, 2007, who diagnosed her as having renal failure. After
22 numerous medical procedures, tests and medications, Mamma Cat seemed to be on the way
23 to recovery. Sunday, February 25, 2007 Mamma Cat was given Special Kitty, wild duck
24 with rice and gravy, purchased by KRAMER from Defendant WAL-MART. Mamma Cat
25 rapidly declined back into a lethargic state. KRAMER took Mamma Cat back to the
26 veterinarian the next day. Mamma Cat's B.U.N. levels were off the charts. Mamma Cat
27 suffered severe seizures and was euthanized on February 26, 2007 to end her suffering.
28 ///

29.    On or about March 16, 2007, Defendant MENU FOODS announced a recall of approximately 42 brands of "cuts and gravy style" pet food, all produced by Defendants MENU FOODS between December 3, 2006 and March 6, 2007.  MENU FOODS initially claimed it had received complaints from consumers as far back as February 20, 2007 indicating that certain pet food products manufactured, marketed and sold by Defendants was causing acute kidney failure resulting in the death of dogs and cats.

30.    On or about March 30, 2007, Defendant PURINA announced that some of its pet food products were being recalled stating they believed the food contained the same tainted ingredient attributed to the injury and death of pets across the United States.

31.    On or about March 30, 2007, Defendant HILLS announced that some of its pet food products were being recalled stating they believed their food contained the same tainted ingredient attributed to the injury and death of pets across the United States.

32.    On or about April 1, 2007, Defendant DEL MONTE announced that some of its pet food products were being recalled stating they believed their products contained the same tainted ingredient attributed to the injury and death of pets across the United States.

33.    On or about March 17, 2007 Defendant NUTRO announced that some of its pet food products were being recalled stating they believed their products contained the same tainted ingredient attributed to the injury and death of pets across the United States. The recall was expanded on April 10, 2007 when it was discovered other NUTRO products were contaminated.

34.    Defendant PETSMART sells to the public pet food products manufactured and/or distributed by Defendants MENU FOODS, IAMS, NUTRO, HILLS, and PURINA, and continued to carry and sell products which were subsequently recalled.

35.    Defendant WAL-MART sells to the public pet food products manufactured and/or distributed by Defendants MENU FOODS, IAMS, NUTRO, HILLS, and PURINA, and continued to carry and sell products which were subsequently recalled.

36.    Defendant PETCO sells to the public pet food products subject to the recall

8

1   and manufactured and/or distributed by Defendants MENU FOODS, IAMS, NUTRO,
2   HILLS, and PURINA, and continued to do so despite the recall until approximately March
3   23, 2007.

4       37.    On or about March 16, 2007 Defendant IAMS announced that some of its pet
5   food products were being recalled because they were manufactured/produced by Defendant
6   MENU FOODS.

7       38.    On or about March 6, 2007, Defendant CHEMNUTRA was informed by
8   Defendant MENU FOODS to stop shipments of wheat gluten. Defendants CHEMNUTRA
9   did not recall and/or inform its customers of any problems associated with the wheat gluten
10  until approximately April 2, 2007.

11      39.    Defendants FRY'S, SMITH'S and KROGER sell to the public the pet food
12  products subject to the recall that were manufactured and/or distributed by Defendants
13  MENU FOODS, IAMS, and PURINA, and continued to do so after Defendant MENU
14  FOODS announced the recall of their products on or about March 16, 2007.

15      40.    Defendants, and all of them, did nothing to prevent the distribution and sale
16  of contaminated and deadly pet food to United States retailers until weeks or months after
17  discovering the food was contaminated and causing harm to those animals who consumed
18  the food. This lack of action permitted and caused additional harm and death to thousands
19  of pet owners in California and throughout the United States, including Plaintiffs'.

20      41.    Had Plaintiffs known the risks and dangers associated with Defendants' pet
21  food products, or had Defendants disclosed such information to Plaintiffs, Plaintiffs would
22  not have fed Defendants' products to their pets, and the animals would not have suffered
23  subsequent health complications.

24      42.    Upon information and belief, as a result of the manufacturing, marketing and
25  sale of Defendants' dog and cat food products, Defendants, and all of them, have reaped
26  huge profits while concealing from the public, knowledge of the potential hazard
27  associated with the ingestion of Defendants' dog and cat food products.

28

43.    Defendants failed to perform adequate testing and/or inspection in that the adequate testing would have shown that Defendants' dog and cat food products produced serious side effects with respect to which Defendants should have taken appropriate measures to ensure that its defectively designed product would not be placed into the stream of commerce and/or should have provided full and proper warnings accurately reflecting the scope and severity of symptoms of those side effects should have been made. In fact, Defendants MENU FOODS did perform such testing and discovered on or about February 27, 2007 that their pet food products, and those manufactured, distributed and/or sold by all Defendants, caused death in dogs and cats who ingested the products.

44.    Despite such knowledge, Defendants, through their officers, directors, partners and managing agents for the purposes of increasing sales and enhancing its profits, knowingly and deliberately failed to remedy the known defects of Defendants' product in a timely manner, failed to conduct testing in a timely manner, and failed to warn the public in a timely manner, including Plaintiffs, of the serious risk of illness and death occasioned by the defects inherent in Defendants' product.

45.    Defendants and their officers, agents, partners and managers intentionally proceeded with the manufacturing, distribution, sale and marketing of Defendants' product, knowing that dogs and cats ingesting Defendants' product would be exposed to serious potential danger, in order to advance their own pecuniary interests.

46.    Defendants' conduct was wanton and willful, and displayed a conscious disregard for the safety of the product and particularly of the damage it would cause to pet owners, like Plaintiffs, entitling these Plaintiffs to exemplary damages.

47.    Defendants acted with conscious and wanton disregard of the health and safety of Plaintiffs' pets, and Plaintiffs request an award of additional damages for the sake of example and for the purpose of punishing such entities for their conduct, in an amount sufficiently large to be an example to others, and to deter Defendants and others from engaging in similar conduct in the future. The above-described wrongful conduct was

10

1   done with knowledge, authorization and ratification of officers, directors, partners and
2   managing agents of Defendants.

### CLASS ACTION ALLEGATIONS

3
4   48.    Plaintiffs bring all claims as class claims pursuant to Rule 23(b)(2) of the
5   Federal Rules of Civil Procedure. The requirements of Rule 23 are met with respect to the
6   classes defined below:

7       A.    All persons in the United States, who purchased pet food products
8             manufactured, distributed and/or sold by Defendants that were or will
9             be recalled by Defendants.

10      B.    All persons in the United States, who purchased pet food products
11            manufactured, distributed and/or sold by Defendants that were or will
12            be recalled by Defendants and whose pet(s) suffered serious injury
13            and/or died after ingesting the contaminated food.

14   Upon completion of discovery with respect to the scope of the Class, Plaintiffs
15   reserve the right to amend the class definition.

16   49.    Numerosity: The members of the Class are so numerous and geographically
17   diverse that joinder of all of them is impracticable. While the exact number and identities
18   of members of the Class are unknown to plaintiffs at this time and can only be ascertained
19   through appropriate discovery, plaintiffs believe and therefore allege that there are
20   thousands of Class members throughout the United States.

21   50.    Commonality: Questions of law and fact common to the Class exist as to
22   Plaintiffs and all Class Members, and these common questions predominate over any
23   questions affecting only individual members of the Class. Among the common questions
24   of law and fact are the following:

25       a.    Whether Defendants sold the pet food products that were recalled or
26             subject to recall;

27   ///
28   ///

11

b.  Whether Defendants advertised, represented, or held themselves out as producing, manufacturing or selling a pet food product that was safe for the pets of Plaintiffs and Class members;

c.  Whether Defendants expressly warranted these pet food products;

d.  Whether Defendants purported to disclaim any express warranty;

e.  Whether Defendants purported to disclaim any implied warranty;

f.  Whether Defendants were negligent in the supplying, manufacturing, processing and/or selling the pet food products;

g.  Whether Defendants owed a duty to pet owners by ensuring that the pet food was not contaminated with dangerous ingredients.

h.  Whether Defendants' conduct amounted to breach of such a duty.

i.  Whether Defendants' conduct was a proximate cause of Plaintiffs' and Class Members' damages.

j.  Whether using the pet food products as intended, feeding to pets, resulted in loss, injury, damage or damages to Plaintiffs and the Class;

k.  Whether Defendants are strictly liable;

l.  Whether Defendants breached their warranty of merchantability.

m.  Whether Defendants supplied, produced, marketed, distributed, and sold a defective product.

n.  Whether Defendants failed to adequately warn consumers of the contaminated pet food.

o.  Whether Plaintiffs and Class Members are entitled to damages.

p.  Whether Defendants employed deceptive representations of the safety of their pet food products;

q.  Whether Defendants' statements or omissions were likely to deceive a reasonable consumer;

r.  Whether Defendants' statements or omissions were likely to deceive a reasonable consumer; and

s.    Whether Defendants concealed information from the public and such silence was relied on by Plaintiffs and Class members.

51.    Typicality:  Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and other Class Members sustained losses, injuries and damages arising out of Defendants' conduct in manufacturing, producing, entering into the stream of commerce and selling defective pet food products, Defendants' conduct surrounding the recall of the defective pet food products, and Plaintiffs' and Class members' purchase and use of Defendants' defective pet food products.  Plaintiffs and Class members seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiffs' claims and those of Class members.

52.    Adequacy:  Plaintiffs are able to fairly and adequately protect the interests of all members of the class.  The attorneys for Plaintiffs and the potential class are qualified and competent and very experienced in class action litigation.

53.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  The sheer number of consumers composing the putative class is so numerous as to make separate actions by each consumer impractical and unfair. A class action represents the superior method for the fair and efficient adjudication of the controversy in question.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation against a foreign corporation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public policy interests will be served by addressing the matter as a class action.  The burden and cost to the court system and the public of adjudication of individual litigation and claims would be very substantial, and substantially more than if the claims are treated as a class action.

13

1  Individual litigation of claims would also present the potential for inconsistent or
2  contradictory results.

3      54.    Plaintiffs request this Court to certify this Class in accordance with
4  Fed.R.Civ.P. 23 and the Class Action Fairness Act of 2005.

5

6                    **FIRST CAUSE OF ACTION**
7    **STRICT PRODUCT LIABILITY-DEFECTIVE IN DESIGN**
8                    **OR MANUFACTURE**

9      55.    Plaintiffs hereby incorporate by reference each and every paragraph of this
10  complaint as set forth in paragraphs 1 through 54.

11     56.    Defendants are/were the manufacturers, sellers, distributors and/or suppliers
12  of pet food products, which were defective and unreasonably dangerous to the Plaintiffs'
13  pets.

14     57.    Defendants' supplied, sold, distributed, supplied, manufactured, marketed,
15  and/or promoted pet food products, that were expected to reach and did reach consumers
16  without substantial change in the condition in which it was manufactured or sold by
17  Defendants.

18     58.    Pet food products manufactured, supplied, and/or sold by Defendants and
19  were defective in design or formulation in that when it left the hands of the manufacturers
20  and/or sellers it was unreasonably dangerous in that its foreseeable risks exceeded the
21  benefits associated with the designs and/or formulations of the products.

22     59.    Upon information and belief, Defendants actually knew of the defective
23  nature of Defendants' pet food products but continued to supply, manufacture, market, and
24  sell it so as to maximize sales and profits at the expense of the public health and safety, in
25  conscious disregard of the foreseeable harm caused by Defendants' pet food products.

26     60.    At all times material to this action, pet food products were designed, tested,
27  inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed,
28  advertised, promoted, sold, packaged, supplied and/or distributed by Defendants in a

14

1  defective and unreasonably dangerous condition in ways which include, but are not limited
2  to, one or more of the following:

    a.    When placed in the stream of commerce, the pet food products contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used, thereby subjecting the dogs and cats owned by consumers, including Plaintiffs, to risks which exceeded the benefits of the pet food products;

    b.    The pet food products and ingredients were insufficiently tested;

    c.    The pet food products caused serious illness, harmful side effects, and possible death that outweighed any potential utility;

    d.    In light of the potential and actual risk of harm associated with ingestion of the pet food products by dogs and cats, a reasonable person would have concluded that the pet food products should not have been marketed, distributed or sold in that condition; and

    e.    Pet food products supplied, manufactured, distributed, and/or sold by Defendants were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury caused by the contaminated pet food products, Defendants failed to immediately provide adequate warnings to Plaintiffs and the public.

61.    At all times, Plaintiffs purchased pet food products supplied, manufactured, marketed and/or sold by Defendants for their intended or reasonably foreseeable purpose, to wit: for consumption by their pets.

62.    As a direct, legal proximate and producing result of the defective and unreasonably dangerous condition of pet food products supplied, manufactured, marketed and/or sold by Defendants, Plaintiffs sustained damage, for which Plaintiffs are entitled to recovery.

63.    As a direct, legal, proximate and producing result of the defective and unreasonably dangerous condition of pet food products supplied, manufactured, marketed and/or sold by Defendants, Plaintiffs pets were injured in health, strength and activity.

64.    Plaintiffs' and Class members' dogs and cats did suffer injury and/or death as a result of ingesting pet food products supplied, manufactured, distributed and/or sold by Defendants.

65.    Defendants' aforementioned conduct was committed with knowing, conscious and deliberate disregard for the rights and safety of consumers such as Plaintiffs, including Defendants' knowingly withholding and/or misrepresenting information to the public, including Plaintiffs, which information was material and relevant to the harm in question, punitive damages in an amount to be determined at trial that are appropriate to punish Defendants and deter them from similar conduct in the future.

## SECOND CAUSE OF ACTION
## STRICT PRODUCT LIABILITY-FAILURE TO WARN

66.    Plaintiffs hereby incorporate by reference each and every paragraph of this complaint as set forth in paragraphs 1 through 65.

67.    Defendants manufactured, marketed, distributed, sold and supplied pet food products to consumers throughout the United States. As such, Defendants had a duty to warn the public, including Plaintiffs, of the health risks and possible death associated with using Defendants' contaminated pet food products.

68.    Pet food products, and ingredients therein, supplied, manufactured, distributed and/or sold by Defendants were under the exclusive control of Defendants, and were sold without adequate warnings regarding the risk of serious injury and other risks associated with its use.

69.    As a direct and proximate result of the defective condition of pet food products manufactured, sold and/or supplied by Defendants, and as such a direct and

1  proximate result of negligence, gross negligence, willful and wanton misconduct, or other
2  wrongdoing and actions of Defendants described herein, Plaintiffs suffered damages.

3         70.   Upon information and belief, Defendants knew of the defective nature of the
4  pet food products but continued to supply, manufacture, market, and sell it so as to
5  maximize sales and profits at the expense of animal health and safety, in knowing,
6  conscious and deliberate disregard of the foreseeable harm caused by pet food products
7  supplied, manufactured, marketed and/or sold by Defendants and in violation of their duty
8  to provide an accurate, adequate, and complete warning concerning the use of Defendants'
9  products.

10        71.   Defendants failed to warn the public or Plaintiffs in a timely manner of the
11 dangerous propensities of pet food products supplied, manufactured, marketed and/or sold
12 by Defendants, which dangers were known or should have been known to Defendants, as
13 they were scientifically readily available.

14        72.   Defendants knew and intended that pet food products supplied,
15 manufactured, marketed and/or sold by Defendants would be distributed through the
16 United States without any inspection for defects.

17        73.   Defendants knew that veterinary clinics, pet food stores, food chains and
18 users such as Plaintiffs would rely upon the representations and warranties made by
19 Defendants on the product labels and other promotional and sales materials upon which the
20 Plaintiffs did so rely.

21        74.   As a direct and proximate result of the Defendants' distribution and sale of
22 the contaminated products without adequate warnings regarding the health risks to animals,
23 the Plaintiffs suffered damage as previously alleged herein, including ascertainable
24 economic loss, including the purchase price of the pet food products, out-of-pocket costs of
25 veterinary medical tests and treatment for their pets, out-of-pocket costs for disposal/burial
26 fees, as well as the pecuniary value of their pets.

27        75.   Defendants' conduct in the packaging, warning, marketing, advertising,
28 ///

1  promotion, distribution, and sale of pet food products was committed with knowing,
2  conscious, and deliberate disregard for the rights and safety of consumers such as
3  Plaintiffs' pets, thereby entitling Plaintiffs to punitive damages in an amount to be
4  determined at trial that is appropriate to punish Defendants and deter them from similar
5  conduct in the future.

## THIRD CAUSE OF ACTION
## SOUNDING IN FRAUD

8      76.     Plaintiffs hereby incorporate by reference each and every paragraph of this
9  complaint as set forth in paragraphs 1 through 75.

10     77.     At all material times, Defendants were engaged in the business of
11  manufacturing, marketing, distributing, promoting, and selling pet food products and/or
12  ingredients to be placed in pet food products.

13     78.     Defendants made misrepresentations of material facts to, and omitted and/or
14  concealed material facts from, Plaintiffs and Class members in the advertising, marketing,
15  distribution and sale of pet food products regarding its safety and use.

16     79.     Defendants deliberately and intentionally misrepresented to, and omitted
17  and/or concealed material facts from, consumers, including Plaintiffs, that Defendants' pet
18  food products were safe when ingested by dogs and cats.  Such misrepresentations,
19  omissions, and concealments of facts include, but are not limited to:

20         a.     Failing to disclose and/or intentionally concealing, the results of tests
21                showing the potential health risks to dogs and cats associated with the
22                use of Defendants' contaminated pet food products;

23         b.     Failing to include adequate warnings with pet food products
24                manufactured, distributed and/or sold by Defendants about the
25                potential and actual risks and the nature, scope, severity, and duration
26                of serious adverse effects of pet food products supplied, manufactured,
27                marketed and/or sold by Defendants;

28

18

c.   Concealing information regarding the known health risks to dogs and cats associated with pet food products supplied, manufactured, distributed and/or sold by Defendants; and

d.   Concealing the known incidents of illness and death of dogs and cats, as previously alleged herein.

80.   Defendants intentionally concealed facts known to them, as alleged herein, in order to ensure increased sales of pet food products supplied, manufactured, marketed and/or sold by Defendants.

81.   Defendants had a duty to disclose the foregoing risks and failed to do so, despite possession of information concerning those risks. Defendants' representations that pet food products manufactured, distributed and/or sold by Defendants were safe for their intended purpose were false, as Defendants' pet food products were, in fact, dangerous to the health of and ultimately fatal to Plaintiffs' pets.

82.   Defendants knew of that their statements were false, knew of incidents of serious illness and death of dogs and cats, and knew that their omissions rendered their statements false or misleading.

83.   Defendants failed to exercise reasonable care in ascertaining the accuracy of information regarding the safe use of pet food products manufactured, distributed and/or sold by Defendants, and failed to disclose that the pet food products caused possible death in dogs and cats, among other serious adverse effects. Defendants also failed to exercise reasonable care in communicating the information concerning pet food products supplied, manufactured, marketed and/or sold by Defendants to Plaintiffs, and/or concealed facts that were known to Defendants.

84.   Plaintiffs were not aware of the falsity of the foregoing representations, nor were Plaintiffs aware that one or more material facts concerning the safety of pet food products and/or ingredients contained therein, manufactured, distributed and/or sold by Defendants had been concealed or omitted.

85.     In reliance upon Defendants' misrepresentations and/or omissions, Plaintiffs fed to their pets food products supplied, manufactured, marketed and/or sold by Defendants and their pets subsequently died.  Had Plaintiffs been aware of the true facts concerning the risks associated with Defendants' pet food products, they would not have purchased nor fed the products to their pets.

86.     The reliance by Plaintiffs upon Defendants' misrepresentations was justified because said misrepresentations and omissions were made by individuals and entities that were in a position to know the facts concerning pet food products, and/or ingredients contained therein, manufactured, distributed and/or sold by Defendants.

87.     Plaintiffs were not in a position to know the facts because Defendants aggressively promoted the use of pet food products supplied, manufactured, marketed and/or sold by Defendants and concealed the risks associated with its use, thereby inducing Plaintiffs to purchase and use Defendants' pet food products.

88.     As a direct and proximate result of Defendants' misrepresentations, omissions and/or concealment, Plaintiffs suffered damages.

89.     Defendants' conduct in concealing material facts and making the foregoing misrepresentations were committed with conscious or reckless disregard of the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct the future.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

90.     Plaintiffs hereby incorporate by reference each and every paragraph of this complaint as set forth in paragraphs 1 through 89.

91.     Defendants manufactured, marketed, sold and distributed pet food products.

92.     At the time Defendants marketed, sold, and distributed pet food products for use by Plaintiffs and Class members, Defendants knew of the purpose for which pet food products, and/or ingredients contained therein, supplied, manufactured, marketed and/or

1  sold by Defendants were intended and impliedly warranted the pet food products to be of

2  merchantable quality and safe and fit for such use.

3       93.    Plaintiffs reasonably relied on the skill, superior knowledge, and judgment of

4  Defendants as to whether the pet food products were of merchantable quality and safe and

5  fit for its intended use.

6       94.    Contrary to such implied warranty, pet food products supplied,

7  manufactured, marketed, distributed and sold by Defendants' were not of merchantable

8  quality and were not safe for its intended use.

9       95.    Due to Defendants' wrongful conduct as alleged herein, Plaintiffs could not

10  have known about the risks and side effects associated with pet food products supplied,

11  manufactured, marketed, distributed and sold by Defendants until after ingestion by their

12  pets.

13       96.    As a direct and proximate result of Defendants' breach of implied warranty,

14  Plaintiffs suffered damages.

15       97.    Defendants' aforementioned conduct was committed with knowing,

16  conscious and deliberate disregard for the rights and safety of consumers such as Plaintiffs,

17  thereby entitling Plaintiffs to punitive damages in an amount to be determined at trial that

18  is appropriate to punish Defendants and deter them from similar conduct in the future.

19       **FIFTH CAUSE OF ACTION**

20       **BREACH OF EXPRESS WARRANTY**

21       98.    Plaintiffs hereby incorporate by reference each and every paragraph of this

22  complaint as set forth in paragraphs 1 through 97.

23       99.    Defendants expressly warranted that the pet food products supplied,

24  manufactured, marketed, distributed and sold by Defendants were safe for consumption by

25  pets.

26       100.    The pet food products, and/or ingredients contained therein, supplied,

27  manufactured, marketed, distributed and sold by Defendants did not conform to these

28  express representations because the products are not safe and cause serious side effects in

1  pets, including death.

2      101.   As a direct and proximate result of the breach of said warranties, and as the

3  direct and proximate result of the defective condition of the pet food products

4  manufactured, marketed, distributed and sold by Defendants, and other wrongdoing of

5  Defendants described herein, Plaintiffs were caused to suffer damages.

6                          **SIXTH CAUSE OF ACTION**

7                              **NEGLIGENCE**

8      102.   Plaintiffs hereby incorporate by reference each and every paragraph of this

9  complaint as set forth in paragraphs 1 through 101.

10     103.   Defendants owed a duty to consumers, including Plaintiffs, to use reasonable

11  care in designing, testing, labeling, manufacturing, marketing, supplying, distributing and

12  selling pet food products supplied, manufactured, marketed and/or sold by Defendants,

13  including a duty to ensure that the products did not cause the dogs and cats ingesting the

14  pet food to suffer from unreasonable, unknown and/or dangerous side effects.

15     104.   Defendants failed to exercise reasonable care in warning about designing,

16  testing, labeling, manufacturing, marketing, selling, and/or distributing of pet food products

17  and breached their duties to Plaintiffs in that, without limitation, they did not warn of the

18  known risks associated with the ingestion of pet food products supplied, manufactured,

19  marketed and/or sold by Defendants and did not exercise an acceptable standard of care.

20     105.   Pet food products supplied, manufactured, marketed and/or sold by

21  Defendants lacked sufficient warnings of the hazards and dangers to users of the products

22  and failed to provide safeguards to prevent the injuries sustained by Plaintiffs' pets.

23  Defendants failed to properly test their pet food products, and/or ingredients contained

24  therein, prior to their sale, and as a result subjected users to an unreasonable risk of injury

25  when these products were used as directed and as recommended.

26     106.   Defendants breached their duty and were negligent in their actions,

27  misrepresentations, and omissions toward Plaintiffs as follows:

28

a.   Failed to exercise due care in designing, developing and manufacturing pet food products so as to avoid contaminants being present in the pet food;

b.   Failed to include adequate warnings that would alert Plaintiffs and other consumers to its potential risks and serious side effects;

c.   Failed to conduct sufficient testing on their pet food products and/or ingredients contained therein, which if properly performed, would have revealed to Defendants the serious side effects, including but not limited to, death of the animals consuming their products;

d.   Failed to adequately warn Plaintiffs that pet food products manufactured, marketed, distributed and/or sold by Defendants carried a risk of serious side effects;

e.   Failed to provide adequate post-marketing warnings or instructions after Defendants knew, or should have known, of the significant risks of ingestion by dogs and cats of the pet food products;

f.   Placed an unsafe produce into the stream of commerce, and

g.   Was otherwise careless or negligent.

107.   Defendants knew, or should have known, that pet food products and/or ingredients contained therein, manufactured, marketed, distributed and sold by Defendants caused unreasonably dangerous risks and serious side effects of which Plaintiffs would not be aware. Defendants nevertheless advertised, marketed, sold and/or distributed pet food products knowing of the unreasonable risks of injury.

108.   Defendants knew or should have known that Plaintiffs' and consumers' dogs and cats would suffer injury and possible death as a result of Defendants' failure to exercise reasonable care as described above.

109.   Upon information and belief, Defendants knew or should have known of the defective nature of Defendants' product, as set forth herein, but continued to design, manufacture, market and sell their pet food products so as to maximize sales and profits at

23

1   the expense of the health and safety of the public, including Plaintiffs, in conscious and/or

2   negligent disregard of the foreseeable harm caused by Defendants' pet food products.

3       110.   Defendants failed to disclose to the Plaintiffs and the general public facts

4   known or available to them, as alleged herein, in order to ensure continued and increased

5   sales of pet food products supplied, manufactured, marketed and/or sold by Defendants.

6   This failure to disclose deprived Plaintiffs of the information necessary for them to weigh

7   the true risks of purchasing pet food products against the benefits.

8       111.   As a direct and proximate result of Plaintiffs' feeding their pets pet food

9   products supplied, manufactured, marketed and/or sold by Defendants, Plaintiffs' pets

10  suffered serious illness and died.

11      112.   By virtue of Defendants' negligence, Defendants directly, foreseeably and

12  proximately caused Plaintiffs pets to suffer serious health problems, permanent damage to

13  their health and death or possible death.  As a result, the imposition of punitive damages

14  against Defendants is warranted.

## SEVENTH CAUSE OF ACTION

## UNJUST ENRICHMENT

17      113.   Plaintiffs hereby incorporate by reference each and every paragraph of this

18  complaint as set forth in paragraphs 1 through 112.

19      114.   As a direct, proximate and foreseeable result of Defendants' acts and

20  otherwise wrongful conduct, Plaintiffs suffered damages.  Defendants profited and

21  benefited from the manufacture, distribution and sale of pet food products, even as the

22  products caused Plaintiffs to incur damages.

23      115.   Defendants have voluntarily accepted and retained these profits and benefits,

24  derived from consumers, including Plaintiffs, with full knowledge and awareness that, as a

25  result of Defendants' unconscionable wrongdoing, consumers, including Plaintiffs, were

26  not receiving products of the quality, nature, fitness or value that had been represented by

27  Defendants or that reasonable consumers expected.  Plaintiffs purchased pet foods they

28  expected would be safe and healthy for their pets and instead now have to endure the death

of their beloved pets.

24

116.    By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of Plaintiffs who are entitled to, and hereby seek, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

## PRAYER

### FIRST CAUSE OF ACTION

1.    For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

2.    Awarding actual and consequential damages;

3.    Injunctive relief to prevent further contamination of United States pet food supply and further injuries and/or death to dogs and cats.

4.    Punitive damages;

5.    For pre- and post-judgment interest as allowed by law;

6.    For reasonable attorneys' fees and costs;

### SECOND CAUSE OF ACTION

7.    For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

8.    Awarding actual and consequential damages;

9.    Injunctive relief to prevent further contamination of United States pet food supply and further injuries and/or death to dogs and cats.

10.    Punitive damages;

11.    For pre- and post-judgment interest as allowed by law;

12.    For reasonable attorneys' fees and costs.

///

///

25

### THIRD CAUSE OF ACTION

13.    For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

14.    Awarding actual and consequential damages;

15.    Punitive damages;

16.    For pre- and post-judgment interest as allowed by law;

17.    For reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

18.    For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

19.    Awarding actual and consequential damages;

20.    For pre- and post-judgment interest as allowed by law;

21.    For reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

22.    For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

23.    Awarding actual and consequential damages;

24.    Injunctive relief to prevent further contamination of United States pet food supply and further injuries and/or death to dogs and cats.

25.    Punitive damages;

26.    For pre- and post-judgment interest as allowed by law;

27.    For reasonable attorneys' fees and costs.

///

///

///

## SIXTH CAUSE OF ACTION

28. For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

29. Awarding actual and consequential damages;

30. Injunctive relief to prevent further contamination of United States pet food supply and further injuries and/or death to dogs and cats.

31. Punitive damages;

32. For pre- and post-judgment interest as allowed by law;

33. For reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

34. For an order certifying the Class under the appropriate provisions of Fed.R.Civ.P. 23, as well as any appropriate subclasses, and appointing plaintiffs and their legal counsel to represent the Class;

35. Awarding reimbursement, restitution and disgorgement from Defendants' benefits conferred;

36. For pre- and post-judgment interest as allowed by law;

37. For reasonable attorneys' fees and costs.

## ALL CAUSES OF ACTION

38. Injunctive relief to prevent further contamination of United States pet food supply and further injuries and/or death to dogs and cats.

39. For reasonable attorneys' fees and costs;

40. For pre- and post-judgment interest as allowed by law; and

41. For all other relief the Court deems just and proper.

Dated: April 17, 2007

CLASS ACTION LITIGATION GROUP

By: _____

KATHERINE J. ODENBREIT, Attorneys
For Plaintiffs

27

JS44
(Rev. 01/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

**I.(a) PLAINTIFFS**
HAYLEY FORD, and SHANNON J. KRAMER, individually, for class members, and on behalf of other members similarly situated

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Travis, Texas
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Rene L. Barge, State Bar No. 182317
Katherine J. Odenbreit, State Bar No. 184619
CLASS ACTION LITIGATION GROUP
11111 Santa Monica Blvd., Suite 1000 Tel. 310-481-9851
Los Angeles, CA 90025

**DEFENDANTS** MENU FOODS INCOME FUND; MENU FOODS MIDWEST CORPORATION; MENU FOODS SOUTH DAKOTA, INC.; MENU FOODS, INC.: MENU FOODS HOLDINGS, INC.; DEL MONTE FOODS COMPANY; NESTLE PURINA PETCARE COMPANY; HILLS PET NUTRITION; NUTRO PRODUCTS, INC.; WAL-MART STORES; PETCO

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ANIMAL SUPPLIES, INC.; PETCO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND
INVOLVED   SOUTHWEST, INC.: PETCO ANIMAL SUPPLIES STORES, INC.; THE IAMS COMPANY; FRY'S FOOD CENTERS: SMITH'S FOOD

**ATTORNEYS (IF KNOWN)** AND DRUG CENTERS, INC.; KROGER CO.;
CHEMNUTRA, INC. and PETSMART

'07 CV 0734 BTM (RBB)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated or Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 28 USCA SEC 2671
FRCP Rule 23—Class Action, Strict Product Liability, Sounding in Tort

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | | ☐ 625 Drug Related Seizure of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 240 Tort to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | | ☐ 555 Prisoner Conditions | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 4/17/07   SIGNATURE OF ATTORNEY OF RECORD _Katherine J Odenbreit_

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137451   $350   SEU 4/23/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 137451 - A2
April 23, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-07-CV-0734 | | 60.00 CH |
| Judge | - MOSKOWITZ | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
    HAYLEY FORD ET AL V. MENU
    FOODS INCOME FUND ET AL
    SUJ200266   SM