

FILED

MAY  9 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

07CV734

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re Pet Food Products Liability Litigation | : : : | MDL Docket No.: 1850 |

## RULE 5.3 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 5.3 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation, defendant, Del Monte Foods Company., a private, non-governmental party, by and through its undersigned counsel, hereby discloses and states that it has no parent corporation and that no publicly-held corporation owns 10% or more of its stock.

Dated:  May 3, 2007

Respectfully submitted,

John J, McDonough, Esquire
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
212.509.9400 (Telephone)
212.509.9492 (Fax)
Attorney for Defendant
Del Monte Foods Company

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| | : | |
| In re Pet Foods Products Liability | : | MDL Docket No. 1850 |
| Litigation | : | |
| | : | |

**DEL MONTE FOODS COMPANY'S INTERESTED PARTY RESPONSE TO THE
PENDING MOTIONS FOR TRANSFER AND CONSOLIDATION OF ACTIONS
PURSUANT TO 28 U.S.C. § 1407**

Del Monte Foods Company (hereinafter, "Del Monte"), a defendant in at least two pending federal actions not yet part of the transfer and consolidation already requested in this litigation, respectfully requests that the actions captioned: Ford, et al. v. Menu Foods Income Fund, et al., No. 07-CV-0734 (BTM) (S.D. Ca. Apr. 23, 2007) and Carver, et al. v. Del Monte Foods Company, et al., No. 07-654 (DFL-EFB) (E.D. Ca. Apr. 4, 2007) be transferred (transfer motions are already pending) and consolidated for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407 in the Northern District of Illinois. Del Monte requests that this Interested Party Response and any briefing in reply thereto be placed on an accelerated briefing schedule to conform with and be presented at the hearing session scheduled for May 31, 2007. In support thereof, Del Monte avers as follows:

1.     To date, at least seventy six (76) federal actions and various state actions have been filed across the country seeking relief for individuals who purchased allegedly

contaminated pet food from various defendants. *See* the attached Schedule of Actions Filed to Date.

2.      The cases allege that the various defendants sold contaminated pet food to the general public and individuals, whose pets consumed the pet food and sustained injuries and/or death. According to the various complaints, Plaintiffs purchased dog or cat food manufactured by the various defendants and sold under various labels. Plaintiffs allege that the pet food they purchased was tainted and sickened and/or caused the deaths of their dogs or cats. Plaintiffs in the various actions, many of whom seek class certification, allege similar claims, including but not limited to, negligence, strict liability, breach of warranty, and breach of contract.

3.      Many of the pending cases seek to certify a class of United States residents who purchased the pet food at issue and seek compensation for all resulting damages. None of the pending classes have been certified, the cases have not advanced beyond the initial pleadings, and no discovery has commenced.

4.      Although Del Monte is not named in all actions, the following actions are currently pending:[1]

❖ Wendy Krosschell v. Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, ChemNutra LLC and ChemNutra Inc., Case No. 2007 cv 02108 (Apr. 27, 2007) pending before Judge Richard H. Kyle in the District of Minnesota;

❖ Daniel Ray Reeves v. Menu Foods, Case No. 2007 cv 00634 (Apr. 26, 2007) pending before Judge John C Coughenour in the Western District of Washington;

❖ Megan Connerton and Kimberly Mello  v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings, Inc., The Iams Company, Nutro Products, Inc., Target Corporation, ChemNutra Inc.  and Xuzhou Anying Biologic Technology Development Company Ltd., Case No. 007 cv 10797 (Apr. 25, 2007) pending before Judge Douglas P. Woodlock in the District of Massachusetts;

---

[1] Aside from the Carver and Ford actions that are the subject of Del Monte's instant Motion, it is not known to Del Monte whether all of the actions listed herein are subject to various MDL motions.

❖ Sonja Foxe v. Menu Foods, Inc., Menu Foods Income Fund, Safeway Inc. and John Does, Case No. 2007 cv 02237 (Apr. 24, 2007) pending before Judge Amy J. St. Eve in the Northern District of Illinois;

❖ Mark Cashman and Ciro Aiello v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings Inc., The Procter & Gamble Company, The Iams Company, Chemnutra Inc. and John Does, Case No. 2007 cv 03236 (Apr. 23, 2007) pending before Judge Jed S. Rakoff in the Southern District of New York;

❖ Hayley Ford and Shannon J. Kramer  v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., Menu Foods, Inc., Menu Foods Holdings, Inc., Del Monte Foods Company, Nestle Purina Petcare Company, Hills Pet Nutrition, Nutro Products, Inc., Wal-Mart Stores, Petco Animal Supplies, Inc., Petco Southwest, Inc., Petco Animal Supplies Stores, Inc., The Iams Company, Fry's Food Centers, Smith's Food and Drug Centers, Inc., Kroger Co., Chemnutra, Inc. and Petsmart, Case No. 2007 cv 00734 (Apr. 23, 2007) pending before Judge Barry Ted Moskowitz in the Southern District of California;

❖ Gary Bruski v. Menu Foods, Inc., Nutro Products, Inc. and Petsmart, Inc., Case No. 2007 cv 02183 (Apr. 19, 2007) pending before Judge John W. Darrah in the Northern District of Illinois;

❖ Laura Migliore v. Menu Foods, Case No. 2007 cv 00575 (Apr. 19, 2007) pending before Judge Robert S. Lasnik in the Western District of Washington;

❖ Gail Moran v. Menu Foods, Case No. 2007 cv 00576 (Apr. 19, 2007) pending before Judge John C Coughenour in the Western District of Washington;

❖ Sheryl Puett v. Menu  Foods, Case No. 2007 cv 00577 (Apr. 19, 2007) pending before Judge Robert S. Lasnik in the Western District of Washington;

❖ Heather Armo v. Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, Chemnutra Inc., Chemnutra LLC, The Proctor & Gamble Company and The Iams Company, Case No. 2007 cv 02162 (Apr. 18, 2007) pending before Judge John W. Darrah in the Northern District of Illinois;

❖ Robert Payne, Steve Bartilucci v. Menu Foods, Inc., Petco Animal Supplies, Inc., Safeway, Inc., The Proctor & Gamble Company and DOES 1 through 50, Case No. 2007 cv 00705 (Apr. 18, 2007) pending before Judge John A. Houston in the Southern District of California;

❖ Diane Swarberg v. Menu Foods Holding Inc, The Iams Company and DOES, Case No. 2007 cv 00706 (Apr. 18, 2007) pending before Judge Barry Ted Moskowitz in the Southern District of California;

❖ Lidya Rodrigues v. Menu Foods Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund and Menu Foods Limited, Case No. 2007 cv 10745 (Apr. 17, 2007) pending before Senior Judge Edward F. Harrington in the District of Massachusetts;

❖ Lynne Carestio v. Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation, Case No. 2007 cv 01762 (Apr. 16, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Maria Teresa Ferrarese v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund and Menu Foods Limited, Case No. 2007 cv 00235 (Apr. 16, 2007) pending before Judge John E. Steele in the Middle District of Florida;

❖ Loren Byers, Kay Byers, and Camilla Brankov v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Corp., Menu Foods, Inc., Menu Foods Limited, Menu Foods Operating Limited Partnership, and DOES 1-50, Case No. 2007 cv 01747 (Apr. 13, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Kirby Cooper v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. and Wal-Mart Stores, Inc., Case No. 2007 cv 04036 (Apr. 13, 2007) pending before Judge Harry F. Barnes in the Western District of Arkansas;

❖ Sandra L. Gray, Nick Jackson, Deena Jackson v. Menu Foods, Menu Foods Income Fund, Menu Foods Gen. Par. Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corporation, Menu Foods South Dakota, Menu Foods, Inc., Menu Foods Holdings, Inc., Walmart Stores, Inc. and Xuzhou Anying Biologic Technology Development Co. LTD, Case No. 2007 cv 05065 (Apr. 11, 2007) pending before Judge Jimm Larry Hendren in the Western District of Arkansas;

❖ Emily Tompkins v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings, Inc., Proctor & Gamble Company, The, Iams Company, The, Safeway Inc., Kroger Company, The, Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc., Case No. 2007 cv 00736 (Apr. 11, 2007) pending before Judge John L. Kane in the District of Colorado;

❖ Luke Debarathy v. Menu Foods Income Fund, Menu Foods, Inc., Nenu Foods Holdings, Inc., Menu Foods Midwest Corporation, Xuzhou Anying Biologic Technology Development Company Ltd., and Suzhou Textile Import and Export Company, Case No. 2007 cv 01739 (Apr. 10, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Stephen Donnelly, Jennifer Hirni v. Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, Chemnutra Inc.,

Chemnutra LLC, Xuzhou Anying Biologic Technology Development Company LTD. and Suzhou Textile Import and Export Company, Case No. 2007 cv 20955 (Apr. 10, 2005) pending before Judge Joan A. Lenard in the Southern District of Florida;

❖ Michelle McCullough v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods, Inc., Menu Foods Holdings, Inc., Case No. 2007 cv 01710 (Apr. 10, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Karen Pirches and Denitrisse Hicks v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. , Menu Foods, Limited, and Does 1 through 100, Case No. 2007 cv 01685 (Apr. 10, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Steve Colquitt and Marianna Cutter v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods, Inc., Menu Foods South Dakota, Inc., Case No 2007 cv 01738 (Apr. 9, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Chantelle Conti and Christine Cheri Cutler v. Menu Foods Limited, Menu Foods, Inc., and Menu Foods Midwest Corporation, Case No. 2007 cv 01638 (Apr. 9, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Kelly Finestone v. Menu Foods Inc, The IAMS Company, Petco Animal Supplies Inc and DOES, Case No. 2007 cv 02338 (Apr. 9, 2007) pending before Judge Christina A. Snyder in the Central District of California;

❖ Stephanie Rozman v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings, Inc., Nutro Products, Inc., Petco Animal Supplies, Inc., Petco Animal Supplies Stores, Inc., ChemNutra, Inc., John Does 1 through 100 and PETsMART, Inc., Case No. 2007 cv 01808 (Apr. 9, 2007) pending before Judge Ann D. Montgomery in the District of Minnesota;

❖ Todd Sokolwski v. Menu Foods, Inc, Menu Foods, Menu Foods Income Fund, and The IAMS Company, Case No. 2007 cv 01709 (Apr. 9, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Gregory Boehm v. Menu Foods, Inc., Menu Foods Limited and Menu Foods Income Fund, Case No. 2007 cv 01018 (Apr. 6, 2007) pending before Judge Peter C. Economus in the Northern District of Ohio;

❖ James Connor and Francis Nash v. Menu Foods, Inc., Menu Foods Income Funds, and Menu Foods Midwest Corporation, Case No. 2007 cv 01623, (Apr. 6, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Matt Long v. Menu Foods Income Fund, Menu Foods Limited, Menu Foods Holdings, Inc., Menu Foods Inc., Menu Foods Midwest Corporation, and ChemNutra, Inc., Case No. 2007 cv 01624 (Apr. 6, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Dennis Lee Townsend and Gloria Townsend v. Menu Foods Limited, Menu Foods Inc, Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods South Dakota Inc, Menu Foods Holdings Inc, Nestle SA, Nestle Holdings Inc, Nestle USA Inc, Nestle Purina Petcare Co and Chemnutra Inc., Case No. 2007 cv 00398 (Apr. 5, 2007) pending before Judge Virginia A. Phillips in the Central District of California;

❖ Diana Diedrich v, Menu Foods, Inc., Menu Foods Income Funds, and Menu Foods Midwest Corporation, and Menu Foods South Dakota, Inc., Case No. 2007 cv 01700 (Apr. 5, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Christina Johnson v. Menu Foods, Inc, and John Does, Case No. 2007 cv 01610 (Apr. 5, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Larry Klimes, Paul Lavoie, Richard Mueller v. Menu Foods, Case No. 2007 cv 00160 (Apr. 5, 2007) pending before Judge Mikel H. Williams in the District of Idaho;

❖ Lois Grady, Kaye Steinsapir v. Menu Foods Income Fund, Menu Foods Limited, Menu Foods Operating Limited Partnership, Menu Foods Midwest Corp.,, Petco Animal Supplies, Inc., Nutro Products Inc, Does, Menu Foods, Inc. and Chem Nutra Inc, Case No. 2007 cv 02253 (Apr. 5, 2007) pending before Judge Dean D. Pregerson in the Central District of California;

❖ Jim Bullock v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Funds, and Menu Foods Limited, Case No. 2007 cv 01579 (Apr. 4, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Steven Freeman v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Funds, and Menu Foods South Dakota, Inc., Case No. 2007 cv 01646 (Apr. 4, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Cheryl Carver v. Del Monte Foods Company, ChemNutra, Inc., ChemNutra, LLC, Xuzhou Anying Biologic Technology Development Company, Ltd., Suzhou Textile Import and Export Company, Case No. 07-0654 (Apr. 4, 2007) pending before Judge David F. Levi in the Eastern District of California;

❖ Leslie Berndl, Jim Moses, Terri Moses v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Funds, Case No. 2007 cv 01553 (Apr. 3, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ David Carter v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited, Case No. 2007 cv 01562 (Apr. 3, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Jayme Pittsonberger v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited, Case No. 2007 cv 01561 (Apr. 3, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Peggy Schneider v. Menu Foods, Inc., Menu Foods Midwest Corporation and Menu Foods Limited, Case No. 2007 cv 01533 (Apr. 2, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Marion Streczyn v. Menu Foods, Inc. and Menu Foods Income Fund, Case No. 2007 cv 00159 (Apr. 2, 2007) pending before Judge Larry R. Hicks in the District of Nevada;

❖ Brazilian v. Menu Foods Income Fund, Case No. 2007 cv 00054 (Mar. 30, 2007) pending before Judge George Z. Singal in the District of Maine;

❖ Troy Gigliardi v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Case No. 2007 cv 01522 (Mar. 30, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Mark Golding v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited, Menu Foods South Dakota Inc., and John Does 1 through 100, Case No. 2007 cv 01521 (Mar. 30, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Sherry Ingles v. Menu Foods, Inc, Menu Foods Income Fund, Menu Foods Midwest Corporation and Menu Foods South Dakota Inc, Case No. 2007 cv 01809 (Mar. 30, 2007) pending before Judge Maxine M. Chesney in the Northern District of California;

❖ Kam Turturro v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Case No. 2007 cv 01523 (Mar. 30, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Janice Bonier, Guy Britton, Tammy Matthews v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, Case No. 2007 cv 01477 (Mar. 29, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Julie Hidalgo v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Case No. 2007 cv 01488 (Mar. 29, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Alexander Nunez v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Menu foods Limited ,Menu Foods Holdings, Inc., Case No. 2007 cv 01490 (Mar. 29, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Dawn Howe v. Menu Foods Limited, Menu Foods Inc, Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods South Dakota Inc, Menu Foods Holdings Inc and Menu Foods Operating Trust, Case No. 2007 cv 02060 (Mar. 28, 2007) pending before Judge S James Otero in the Central District of California;

❖ Carol Brown v. Menu Foods, Inc, Menu Foods Income Fund, Menu Foods Midwest Corporation and Menu Foods South Dakota, Inc, Case No. 2007 cv 00115, pending before Judge Mary M. Lisi in the District of Rhode Island;

❖ Stacey Heller, Toinette Robinson, David Rapp, Cecily Mitchell, Terrence Mitchell v. Menu Foods, Case No. 2007 cv 00453 (Mar. 27, 2007) pending before Judge John C Coughenour in the Western District of Washington;

❖ Suzanne E Johnson, Craig R Klemann v. Menu Foods, Case No. 2007 cv 00455 (Mar. 27, 2007) pending before Judge John C Coughenour in the Western District of Washington;

❖ Audrey Kornelius, Barbara Smithv. Menu Foods, Case No. 2007 cv 00454 (Mar. 27, 2007) pending before Judge Marsha J. Pechman in the Western District of Washington;

❖ Paul Richard, Jennifer Richard, Charles Kohler, Alicia Kohlery v. Menu Foods Income Fund, Menu Foods Limited, Menu Foods Holdings, Inc., Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., and ABC Partnerships, and XYZ Corporations, Case No. 2007 cv 01457 (Mar. 27, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Michele Suggett, Don Jamesv. Menu Foods, Iams Company, Eukanuba, Dog Food Producers Numbers 1-100, Cat Food Producers 1-100 and Does 1-100, Case No. 2007 cv 00457 (Mar. 27, 2007) pending before Judge Ricardo S Martinez in the Western District of Washington;

❖ Larry Wilson v. Menu Foods Income Fund, Menu Foods Holdings, Inc., Menu Foods, Inc., Menu Foods Midwest Corporation, Xuzhou Anying Biologic Technology Development Company Ltd. and Suzhou Textile Import and Export Company, Case No. 2007 cv 01456 (Mar. 27, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Lauri A. Osborne v. Menu Foods, Case No. 2007 cv 00469 (Mar. 26, 2007) pending before Judge Robert N. Chatigny in the District of Connecticut;

❖ Paul Randolph Johnson, Tammy Navarrete v. Menu Foods Inc, Menu Foods Income Fund, Chemnutra Inc, Menu Foods Midwest Corp., and XuZhou Anying Biologic Technology Development Co Ltd, Case No. 2007 cv 01987 (Mar. 26, 2007) pending before Judge George H. King in the Central District of California;

❖ Shirley Sexton v. Menu Foods Income Fund, Menu Foods Inc, Menu Foods Midwest Corporation, SuzhouTextile Import and Export Company and Xuzhou Anying Biologic Technology Development Company Ltd, Case No. 2007 cv 01958 (Mar. 26, 2007) pending before Judge George H. King in the Central District of California;

❖ Linda Tinker v. Menu Foods, Inc., Menu Foods Income Fund, and ChemNutra, Inc., Case No. 2007 cv 01468 (Mar. 26, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Christina Toriano v. Menu Foods, Inc. and Menu Foods Income Fund, Case No. 2007 cv 60428 (Mar. 26, 2007) pending before Judge James I. Cohn in the Southern District of Florida;

❖ Debra Lynn Waldhauer and Satour Walkhauer v. Menu Foods, Inc. and Menu Foods Income Fund , and Wal-Mart Corporation, Case No. 2007 cv 00131, (Mar. 26, 2007) pending before Judge M Casey Rodgers in the Northern District of Florida;

❖ Suzanne Thompson, Robert Trautmann v. Menu Foods Income Fund and John Does 1 through 100, Case No. 2007 cv 01360 (Mar. 23, 2007) pending before Judge Peter G. Sheridan in the District of New Jersey;

❖ Suzanne Thompson, Robert Trautmann v. Menu Foods Income Fund, Menu Foods Inc., and John Does 1 through 100, Case No. 2007 cv 01360 (Mar. 23, 2007) pending before Judge Noel L. Hillman in the District of New Jersey;

❖ Richard Scott Widen and Barbara Widen v. Menu Foods, Menu Foods Income Fund, Menu Foods Gen Par Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corporation, Menu Foods South Dakota, Menu Foods, Inc., Menu Foods Holdings, Inc. and Wal-Mart Stores, Inc., Case No. 2007 cv 05055 (Mar. 23, 2007) pending before Judge Robert T. Dawson in the Western District of Arkansas;

❖ Jedd Workman, Mark Cohn, Mona Cohn v. Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation, Case No. 2007 cv 01338 (Mar. 23, 2007) pending before Judge Judge Noel L. Hillman in the District of New Jersey;

❖ Charles Ray Sims, Pamela Sims v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc. and Menu Foods Holdings, Inc., Case No. 2007 cv 05053 (Mar. 21, 2007) pending before Judge Jimm Larry Hendren in the Western District of Arkansas;

❖ Dawn Majerczyk v. Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Operating Trust, Menu Foods Limited Partnership, Menu Foods Acquisition Inc., Menu Foods Limited, Menu Foods Holdings, Inc. and Menu Foods Midwest Corporation, Case No. 2007 cv 01543 (Mar. 20, 2007) pending before Judge Wayne R. Andersen in the Northern District of Illinois'

❖ Lizajean Holt v. Menu Foods Inc., Case No. 2007 cv 00094 (Mar. 19, 2007) pending before Judge Thomas W Phillips in the Eastern District of Tennessee;

❖ Barbara Light v. Menu Foods Income Fund, Case No. 2007 cv 00098 (Mar. 19, 2007) pending before Judge Thomas W Phillips in the Eastern District of Tennessee; and

❖ Tom Whaley v. Menu Foods, The Iams Company, Dog Food Producers Numbers 1-50 and Cat Food Producers 1-40, Case No. 2007 cv 00411 (Mar. 19, 2007) pending before Judge Ricardo S Martinez in the Western District of Washington

Del Monte anticipates that additional suits may be filed in various jurisdictions around the country.

5.      Since the filing of these district court complaints, various plaintiffs have petitioned this Court for transfer and consolidation of at least thirteen matters pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407. To its knowledge, Del Monte is not a party to any of the thirteen matters currently pending consolidation.

6.      Having recently been made aware of the Carver and Ford matters in which Del Monte is named, Del Monte respectfully requests that those matters also be considered for transfer and consolidation of all pre-trial procedures pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407 and that such consideration be discussed at the hearing scheduled for May 31, 2007 in Las Vegas.

7.      Various defendants to have agreed that MDL consolidation is appropriate. The parties, however, differ (including differences among the plaintiffs themselves) as to the appropriate venue for pre-trial consolidation.

8.    Given the similarity in the factual allegations of each action, all arising out of the purchase and consumption of allegedly tainted pet food, and the substantial overlap in the named defendants, these actions are appropriate for transfer and consolidation in accordance with the statutory requirements of 28 U.S.C. § 1407, in that (1) all of these actions "involve one or more common questions of fact," (2) transfer would further "the convenience of parties and witnesses," and (3) transfer "will promote the just and efficient conduct of such actions." *Id.*

9.    The cases pending in the separate federal district courts involve common complex questions of law and fact.  Transfer and coordination will be for the convenience of the parties and promote the just and efficient conduct of the litigation. *See In re Gen. Motors Corp. Type III Door Latch Prods. Liab. Litig.,* no. 1266, 1999 U.S. Dist. LEXIS 5075, at *1-2 (J.P.M.L. Apr. 14, 1999) (ordering transfer and consolidation of actions involving common questions of law and fact); *In re Chrysler Corp. Vehicle Paint Litig.,* No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2 (J.P.M.L. Oct. 2, 1998) (ordering transfer and consolidation of overlapping litigation involving common questions of fact and class action allegations).  In the matter at bar, transferring and consolidating all federal cases in one court will eliminate the potential for duplicative pleadings and discovery and inconsistent and/or competing pre-trial rulings.

10.    The actions at issue meet the first requirement of section 1407(a) in that they involve numerous common questions of fact.[2]  Such common questions of fact include, but are not limited to the following:

(a)  The actions arise from the purchase and consumption of allegedly tainted pet food;

---

[2] In arguing that these actions involve common questions of fact and, therefore, meet the first criterion of section 1407(a), Del Monte does not admit that such common questions make class certification appropriate. In any event, consolidating the cases as requested herein will further serve the convenience and avoid duplicative efforts of the parties with respect to motion practice, such as motions for class certification.

(b) The actions are brought by various individuals around the country who purchased and fed their pets the food at issue;

(c) The actions involve numerous common defendants who allegedly manufactured, distributed, and/or supplied the pet food at issue; and

(d) The consumption of the food at issue allegedly caused the illnesses and/or deaths of Plaintiffs' pets.

11.    The complaints allege negligence, strict products liability, breach of contract, breach of warranty, and other claims and seek damages from the various defendants, including, but not limited to, Menu Foods Income Fund, Menu Foods MidWest Corporation, Menu Foods South Dakota, Inc., Menu Foods Inc., Menu Foods Holdings, Inc., Del Monte Foods Company, Nestle Purina PetCare Company, Hills Pet Nutrition, Nutro Products Inc., PetCo Animal Supplies, Inc., PetCo Southwest, Inc., PetSmart, Inc., The Iams Company, and Wal Mart Stores, Inc. As such, the actions at issue meet the first requirement of section 1407(a) and illustrate that consolidation is an efficient way to manage this litigation. *See Humana Managed Care Litigation v. Cigna Corp., et al.,* 2000 WL 1925080 (J.P.M.L. 2000); *In re: Silicone Breast Implants Product Liability Litigation,* 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (noting that consolidation is efficient even when the actions involve different defendants, especially when the complaints are based on the same causes of action and are related cases).

12.    Centralization of these actions will satisfy the second criterion of section 1407(a) by serving the convenience of the parties and witnesses. Absent consolidation, all parties will be subjected to inconsistent filing deadlines, conferences and hearings, and unnecessary duplicative discovery demands. In addition, witnesses will be subject to redundant depositions in each separate action, which will prove to be especially difficult given the geographic diversity among

the various jurisdictions in the United States in which the actions are currently pending and the fact that the majority of witnesses and evidence in this case are dispersed throughout and across the country.

13.    Consolidation will enable a single judge to formulate a pretrial program to minimize witness inconvenience and overall expense, including a ruling on whether these claims should be certified to proceed as class actions. *See In re Cuisinart Food Processor Antitrust Litig.,* 506 F. Supp. 651, 655 (J.P.M.L. 1981) (noting that transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.,* No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3 (J.P.M.L. Apr. 18, 2001) (ordering transfer where all actions were brought as class actions and arise from the same factual milieu).

14.    Centralizing the pending actions will promote section 1407(a)'s third criterion, "the just and efficient conduct of such actions," by preventing inconsistent pretrial rulings and duplicative discovery. *See In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.,* 2001 U.S. Dist. LEXIS 5226, at *3 (J.P.M.L. Apr. 18, 2001) (centralization under section 1407 is necessary to eliminate duplicative discovery, conserve judicial resources, and prevent inconsistent pretrial rules). If the currently pending cases are so centralized, any additional lawsuits filed later could be included as "tag-along" actions in an MDL proceeding. *See In re Humana Managed Care Litig. v. Cigna Corp.,* 2000 WL 1925080, at *3 (J.P.M.L. Oct. 23, 2000) (citing *In re Gas Meter Antitrust Litig.,* 464 F. Supp. 391, 393 (J.P.M.L. 1979)) (ordering transfer, in part, because of the "salutary effect of providing a ready forum for the inclusion of any newly filed actions").

15.    Transfer of the pending lawsuits to a single court will prevent duplicative discovery by enabling the parties and courts to coordinate discovery of all these actions, as opposed to having simultaneous parallel discovery tracks in different jurisdictions.    Such coordination will reduce the time and effort spent by the parties and courts in resolving discovery disputes and will prevent repetitive depositions of the numerous witnesses involved.

16.    No discovery as to liability or damages has taken place in any of the actions to date.    Thus, centralization of these actions will enable a single court to coordinate and oversee the discovery process virtually from its inception and, therefore, promote the just and efficient resolution of any discovery disputes and avoid the duplication of discovery efforts.

17.    Centralization will also avoid inconsistent pretrial rulings.    Many of the pending cases seek class certification.    Centralizing these actions will avoid inconsistent rulings with respect to class certification and simultaneous class action litigation throughout the United States (assuming, without deciding that a class action is the proper mechanism to resolve these claims). *See In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.,* No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3 (J.P.M.L. Apr. 18, 2001) (noting that centralization under Section 1407 is necessary in order to eliminate duplicative discovery and inconsistent pretrial rulings, especially with respect to questions of class certification); *In re Hawaiian Hotel Rom Rate Antitrust Litig.,* 483 F. Supp. 935, 936 (J.P.M.L. 1968) (holding that transfer was necessary to avoid "pretrial chaos in conflicting class action determinations).[3] Adjudicating the same class-related matters in multiple courts in various venues will involve widespread unnecessary duplication of efforts and

---

[3] Del Monte may contest (and does not waive its right to do so for purposes of the instant motion) any suggestion that the pending lawsuits qualify for class certification under Federal Rule 23. However, given that the purported class allegations in <u>Ford</u> and <u>Carver</u> are virtually identical, and the proposed classes overlap in their purported composition, the arguments presented for and against class certification, presumably, will be the same.

resources by the parties and the courts. Thus, centralization of all such actions in one court will promote the just and efficient resolution of class certification and all pretrial issues.

18.     In the various Motions for Consolidation already pending before the Panel, different parties and, in some cases, even the plaintiffs (as amongst themselves) differ as to the venue to and in which these actions should be transferred and consolidated. Each party offers varying reasons (some of them, inevitably, in an attempt to find a favorable forum) for their selection.

19.     Given that the purposes of an MDL consolidation is to facilitate convenience and the conservation of resources on the part of all parties, Del Monte proposes a central and neutral venue that is largely of equal distance for all in terms of travel, that being, the Northern District of Illinois. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 451-52 (4th Cir. 2005) (noting that MDL transfer to a <u>central district</u> is appropriate, even if subject matter jurisdiction or venue would otherwise be improper there over the transferred cases) (emphasis supplied). *See also In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (consolidating actions in a geographically central and accessible location for this nationwide litigation).

20.     To Del Monte's knowledge, to date, there are at least three cases pending in the Northern District of Illinois. Given that the cases filed to date have alleged claims against various defendants nationwide, it is likely that additional similar claims will originate in that district in the future (assuming they have not done so already).

21.     Del Monte respectfully requests that this Motion for transfer and consolidation be placed on an accelerated briefing schedule in accordance with Rule 7.2(h) of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation. Several Motions for transfer and consolidation have already been briefed and are set for oral argument before the Panel on May

31, 2007. Del Monte, to its knowledge, is not a party to any of the cases in which Motions for transfer are pending and, therefore, was not able to seek transfer to and consolidation in the Northern District of Illinois until now.

22.    The reasons for transfer and consolidation set forth in this motion are virtually similar to those raised in the previously filed and currently pending motions under this MDL No. 1850.  To promote efficiency and conserve the time and resources of the Panel and all parties, Del Monte asks that the Clerk set an accelerated briefing schedule for this additional motion to conform with the hearing session scheduled for May 31, 2007.  Otherwise, Del Monte may loose its opportunity to comment on the venue in which these cases should be consolidated.

WHEREFORE, for the aforementioned reasons and those set forth in the accompanying Brief in Support, Del Monte Foods Company respectfully requests that this Panel enter an order transferring and consolidating all actions relating to allegedly contaminated pet food to and in the Northern District of Illinois.

Respectfully submitted,

John J, McDonough, Esquire
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
212.509.9400 (Telephone)
212.509.9492 (Fax)
Attorney for Defendant, Del Monte Foods
Dated: May 3, 2007                Company

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

|  | | |
| --- | --- | --- |
| In re Pet Foods Products Liability Litigation | : : : | MDL Docket No. 1850 |

**DEL MONTE FOODS COMPANY'S BRIEF IN SUPPORT OF ITS INTERESTED PARTY RESPONSE TO THE PENDING MOTIONS FOR TRANSFER AND CONSOLIDATION OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

## I.    INTRODUCTION

Del Monte Foods Company (hereinafter, "Del Monte"), a defendant in at least two pending federal actions not yet part of the transfer and consolidation already requested in this litigation, respectfully requests that the actions captioned: <u>Ford, et al. v. Menu Foods Income Fund, et al.</u>, No. 07-CV-0734 (BTM) (S.D. Ca. Apr. 23, 2007) and <u>Carver, et al. v. Del Monte Foods Company, et al.</u>, No. 07-654 (DFL-EFB) (E.D. Ca. Apr. 4, 2007) be transferred (transfer motions are already pending) and consolidated for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407 in the Northern District of Illinois. Del Monte requests that the instant Interested Party Response, pertaining to various motions previously filed to consolidate various cases brought by the owners of pets who consumed allegedly contaminated pet food and treats, and any requisite briefing in reply thereto be placed on an accelerated schedule to conform with and be presented at the hearing session scheduled for May 31, 2007.

Otherwise, Del Monte may lose its opportunity to comment on the venue in which these cases should be consolidated.

The underlying actions involve claims brought by the owners of pets who consumed allegedly contaminated pet food. Each demands that the defendants be held liable in tort and contract theories for the illnesses and/or deaths of the plaintiffs' pets due to use of allegedly contaminated pet food. Given that the <u>Carver</u> and <u>Ford</u> actions involve one or more common questions of fact, and that transfer would further the convenience of parties and witnesses, and promote the just and efficient conduct of such actions, Del Monte requests that the <u>Carver</u> and <u>Ford</u> actions, along with all actions arising out of the sale and consumption of allegedly tainted pet food, be transferred to the United States District Court for the Northern District of Illinois for coordinated and consolidated pretrial proceedings.

## II.   PROCEDURAL BACKGROUND

To date, at least seventy six (76) federal actions and various state court actions have been filed across the country seeking relief for individuals who purchased allegedly contaminated pet food from a growing list of defendants. The cases allege that the various defendants sold contaminated pet food to the general public and individuals, whose pets consumed the pet food and sustained injuries and/or death. Many of the pending cases seek to certify a class of United States residents who purchased the pet food at issue and seek compensation for all resulting damages. None of the pending classes have been certified, the cases have not advanced beyond the initial pleadings, and no discovery has commenced. Although Del Monte is not named in all actions, these actions are currently pending in various Districts, including but not limited to the: District of Colorado, Western District of Washington, Eastern District of Tennessee, Northern District of Illinois, Western District of Wisconsin, Western District of Arkansas, District of New Jersey, Northern District of Florida, Middle District of Florida, Southern District of Florida,

District of Connecticut, Northern District of California, Central District of California, Eastern District of California, Southern District of California, District of Rhode Island, District of Maine, District of Massachusetts, District of Nevada, District of Idaho, and the Northern District of Ohio. Del Monte anticipates that additional suits may be filed in various jurisdictions around the country.

Since the filing of these district court complaints, various plaintiffs have petitioned this Court for transfer and consolidation of at least thirteen matters pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407. To its knowledge, Del Monte is not a party to any of the thirteen matters currently pending consolidation. Having recently been made aware of the Carver and Ford matters in which Del Monte is named, Del Monte respectfully requests that those matters also be considered for transfer and consolidation of all pre-trial procedures pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407 and that such consideration be discussed at the hearing scheduled for May 31, 2007 in Las Vegas. Various defendants to have agreed that MDL consolidation is appropriate. The parties, however, differ (including differences among the plaintiffs themselves) as to the appropriate venue for pre-trial consolidation.

**III.    FACTUAL BACKGROUND**

According to the various complaints, Plaintiffs purchased dog or cat food manufactured by the various defendants and sold under various labels. Plaintiffs allege that the pet food they purchased was tainted and sickened and/or caused the deaths of their dogs or cats. Plaintiffs in the various actions, many of whom seek class certification, allege similar claims, including but not limited to, negligence, strict liability, breach of warranty, and breach of contract.

Each action arises out of the purchase and consumption of allegedly tainted pet food, and involves common defendants and common operative facts. It is anticipated that additional actions will be filed in the future arising out of these same events, involving many of the same or

similar defendants, and the same common facts.   These matters therefore are ripe for

consolidation and centralization pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1407.

## IV.    ARGUMENT

Given the similarity in the factual allegations of each action, all arising out of the

purchase and consumption of allegedly tainted pet food, and the substantial overlap in the named

defendants, these actions are appropriate for transfer and consolidation in accordance with the

statutory requirements of 28 U.S.C. § 1407, in that (1) all of these actions "involve one or more

common questions of fact," (2) transfer would further "the convenience of parties and

witnesses," and (3) transfer "will promote the just and efficient conduct of such actions."   *Id.*

### A.    All Litigation Should Be Consolidated Pursuant To 28 U.S.C. § 1407

Section 1407 of the United States Code governs multidistrict litigation and provides, in

pertinent part:

> When civil actions involving one or more common questions of
> fact are pending in different districts, such actions may be
> transferred to any district for coordinated or consolidated pretrial
> proceedings.  Such transfers shall be made by the judicial panel on
> multidistrict litigation authorized by this section upon its
> determination that transfers for such proceedings will be for the
> convenience of parties and witnesses and will promote the just and
> efficient conduct of such actions.

28 U.S.C. § 1407.  The litigation arising out of the events described above presents a case for

consolidation under 28 U.S.C. § 1407.

The cases pending in the separate federal district courts involve common complex

questions of law and fact.  Transfer and coordination will be for the convenience of the parties

and promote the just and efficient conduct of the litigation.  *See In re Gen. Motors Corp. Type III*

*Door Latch Prods. Liab. Litig.,* no. 1266, 1999 U.S. Dist. LEXIS 5075, at *1-2 (J.P.M.L. Apr.

14, 1999) (ordering transfer and consolidation of actions involving common questions of law and

fact); *In re Chrysler Corp. Vehicle Paint Litig.,* No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2

(J.P.M.L. Oct. 2, 1998) (ordering transfer and consolidation of overlapping litigation involving common questions of fact and class action allegations). In the matter at bar, transferring and consolidating all federal cases in one court will eliminate the potential for duplicative pleadings and discovery and inconsistent and/or competing pre-trial rulings.

> 1.    *Transfer And Pre-Trial Coordination Of These Actions Is Appropriate Because They Involve One Or More Common Questions Of Fact*

The actions at issue meet the first requirement of section 1407(a) in that they involve numerous common questions of fact.[4] Such common questions of fact include, but are not limited to the following:

- The actions arise from the purchase and consumption of allegedly tainted pet food;

- The actions are brought by various individuals around the country who purchased and fed their pets the food at issue;

- The actions involve numerous common defendants who allegedly manufactured, distributed, and/or supplied the pet food at issue;

- The consumption of the food at issue allegedly caused the illnesses and/or deaths of Plaintiffs' pets.

The complaints allege negligence, strict products liability, breach of contract, breach of warranty, and other claims and seek damages from the various defendants, including, but not limited to, Menu Foods Income Fund, Menu Foods MidWest Corporation, Menu Foods South Dakota, Inc., Menu Foods Inc., Menu Foods Holdings, Inc., Del Monte Foods Company, Nestle Purina PetCare Company, Hills Pet Nutrition, Nutro Products Inc., PetCo Animal Supplies, Inc.,

---

[4] In arguing that these actions involve common questions of fact and, therefore, meet the first criterion of section 1407(a), Del Monte does not admit that such common questions make class certification appropriate. In any event, consolidating the cases as requested herein will further serve the convenience and avoid duplicative efforts of the parties with respect to motion practice, such as motions for class certification.

PetCo Southwest, Inc., PetSmart, Inc., The Iams Company, and Wal Mart Stores, Inc. As such, the actions at issue meet the first requirement of section 1407(a) and illustrate that consolidation is an efficient way to manage this litigation. *See Humana Managed Care Litigation v. Cigna Corp., et al.,* 2000 WL 1925080 (J.P.M.L. 2000); *In re: Silicone Breast Implants Product Liability Litigation,* 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (noting that consolidation is efficient even when the actions involve different defendants, especially when the complaints are based on the same causes of action and are related cases).

> 2.    *Transfer And Pre-Trial Coordination Of These Actions Is Appropriate Because Centralization Will Serve The Convenience Of Parties And Witnesses*

Centralization of these actions will satisfy the second criterion of section 1407(a) by serving the convenience of the parties and witnesses. Absent consolidation, all parties will be subjected to inconsistent filing deadlines, conferences and hearings, and unnecessary duplicative discovery demands. In addition, witnesses will be subject to redundant depositions in each separate action, which will prove to be especially difficult given the geographic diversity among the various jurisdictions in the United States in which the actions are currently pending and the fact that the majority of witnesses and evidence in this case are dispersed throughout and across the country.

Consolidation would solve these problems by enabling a single judge to formulate a pretrial program to minimize witness inconvenience and overall expense, including a ruling on whether these claims should be certified to proceed as class actions. *See In re Cuisinart Food Processor Antitrust Litig.,* 506 F. Supp. 651, 655 (J.P.M.L. 1981) (noting that transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re St. Jude Med., Inc., Silzone Heart Valves Prods.*

*Liab. Litig.,* No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3 (J.P.M.L. Apr. 18, 2001) (ordering

transfer where all actions were brought as class actions and arise from the same factual milieu).

> 3.    *Transfer And Pre-Trial Coordination Of These Actions Is Appropriate Because Centralization Will Promote The Just And Efficient Conduct Of These Actions*

Centralizing the pending actions will promote section 1407(a)'s third criterion, "the just

and efficient conduct of such actions," by preventing inconsistent pretrial rulings and duplicative

discovery. *See In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.,* 2001 U.S.

Dist. LEXIS 5226, at *3 (J.P.M.L. Apr. 18, 2001) (centralization under section 1407 is necessary

to eliminate duplicative discovery, conserve judicial resources, and prevent inconsistent pretrial

rules). If the currently pending cases are so centralized, any additional lawsuits filed later could

be included as "tag-along" actions in an MDL proceeding. *See In re Humana Managed Care

Litig. v. Cigna Corp.,* 2000 WL 1925080, at *3 (J.P.M.L. Oct. 23, 2000) (citing *In re Gas Meter

Antitrust Litig.,* 464 F. Supp. 391, 393 (J.P.M.L. 1979)) (ordering transfer, in part, because of the

"salutary effect of providing a ready forum for the inclusion of any newly filed actions").

Transfer of the pending lawsuits to a single court will prevent duplicative discovery by

enabling the parties and courts to coordinate discovery of all these actions, as opposed to having

simultaneous parallel discovery tracks in different jurisdictions. Such coordination will reduce

the time and effort spent by the parties and courts in resolving discovery disputes and will

prevent repetitive depositions of the numerous witnesses involved.

No discovery as to liability or damages has taken place in any of the actions to date.

Thus, centralization of these actions will enable a single court to coordinate and oversee the

discovery process virtually from its inception and, therefore, promote the just and efficient

resolution of any discovery disputes and avoid the duplication of discovery efforts.

Centralization will also avoid inconsistent pretrial rulings. Many of the pending cases seek class certification. Centralizing these actions will avoid inconsistent rulings with respect to class certification and simultaneous class action litigation throughout the United States (assuming, without deciding that a class action is the proper mechanism to resolve these claims). *See In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.,* No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3 (J.P.M.L. Apr. 18, 2001) (noting that centralization under Section 1407 is necessary in order to eliminate duplicative discovery and inconsistent pretrial rulings, especially with respect to questions of class certification); *In re Hawaiian Hotel Rom Rate Antitrust Litig.,* 483 F. Supp. 935, 936 (J.P.M.L. 1968) (holding that transfer was necessary to avoid "pretrial chaos in conflicting class action determinations). This Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Certain Teed Corp. Roofing Shingle Prods. Liab. Lit.,* 2007 WL 549356; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.,* 398 F. Supp. 2d 1371 (J.P.M.L. 2005); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.,* 398 F. Supp. 2d 1365 (J.P.M.L. 2005); *In re TMJ Prods. Liab. Litig.,* 844 F. Supp. 1553, 1554 (J.P.M.L. 1994); *In re Sugar Indus. Antitrust Litig.,* 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (transferring cases to eliminate the possibility of inconsistent class determinations).

Del Monte may contest (and does not waive its right to do so for purposes of the instant motion) any suggestion that the pending lawsuits qualify for class certification under Federal Rule 23. However, given that the purported class allegations in <u>Ford</u> and <u>Carver</u> are virtually identical, and the proposed classes overlap in their purported composition, the arguments presented for and against class certification, presumably, will be the same. Accordingly, failure to transfer and coordinate these actions will introduce a significant risk of inconsistent rulings on

class certification and other class action-related issues. Adjudicating the same class-related matters in multiple courts in various venues will involve widespread unnecessary duplication of efforts and resources by the parties and the courts. Thus, centralization of all such actions in one court will promote the just and efficient resolution of class certification and all pretrial issues.

**B.** **The Within Actions Should Be Transferred To The United States District Court For The Northern District of Illinois.**

In the various Motions for Consolidation already pending before the Panel, different parties and, in some cases, even the plaintiffs (as amongst themselves) differ as to the venue to and in which these actions should be transferred and consolidated. Each party offers varying reasons (some of them, inevitably, in an attempt to find a favorable forum) for their selection. Given that the purposes of an MDL consolidation is to facilitate convenience and the conservation of resources on the part of all parties, Del Monte proposes a central and neutral venue that is largely of equal distance for all in terms of travel, that being, the Northern District of Illinois. *See Pinney v. Nokia, Inc.,* 402 F.3d 430, 451-52 (4th Cir. 2005) (noting that MDL transfer to a <u>central district</u> is appropriate, even if subject matter jurisdiction or venue would otherwise be improper there over the transferred cases) (emphasis supplied). *See also In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation,* 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (consolidating actions in a geographically central and accessible location for this nationwide litigation). To Del Monte's knowledge, to date, there are at least three cases pending in the Northern District of Illinois. Given that the cases filed to date have alleged claims against various defendants nationwide, it is likely that additional similar claims will originate in that district in the future (assuming they have not done so already).

**C.** **The Instant Motion Should be Placed on an Accelerated Briefing Schedule so that the Motion may be Heard with the Pending and Nearly Identical MDL Motions Previously Filed and Scheduled to be Argued on May 31, 2007.**

Del Monte respectfully requests that this Motion for transfer and consolidation be placed on an accelerated briefing schedule in accordance with Rule 7.2(h) of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation. Several Motions for transfer and consolidation have already been briefed and are set for oral argument before the Panel on May 31, 2007. Del Monte, to its knowledge, is not a party to any of the cases in which Motions for transfer are pending and, therefore, was not able to seek transfer to and consolidation in the Northern District of Illinois until now. The reasons for transfer and consolidation set forth in this motion are virtually similar to those raised in the previously filed and currently pending motions under this MDL No. 1850. To promote efficiency and conserve the time and resources of the Panel and all parties, Del Monte asks that the Clerk include this Interested Party Response with the pending motions in this litigation set to be heard on May 31, 2007. Otherwise, Del Monte may loose its opportunity to comment on the venue in which these cases should be consolidated.

## V.    CONCLUSION

For the foregoing reasons, Del Monte Foods Company respectfully requests that this Panel enter an order transferring and consolidating all actions relating to allegedly contaminated pet food to and in the Northern District of Illinois.

Dated: May 3, 2007

Respectfully submitted,

John J. McDonough, Esquire
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
212.509.9400 (Telephone)
212.509.9492 (Fax)
Attorney for Defendant
Del Monte Foods Company.

## SCHEDULE OF ACTIONS FILED TO DATE

Wendy Krosschell v. Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, ChemNutra LLC and ChemNutra Inc., Case No. 2007 cv 02108 (Apr. 27, 2007) pending before Judge Richard H. Kyle in the District of Minnesota

Daniel Ray Reeves v. Menu Foods, Case No. 2007 cv 00634 (Apr. 26, 2007) pending before Judge John C Coughenour in the Western District of Washington

Megan Connerton and Kimberly Mello  v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings, Inc., The Iams Company, Nutro Products, Inc., Target Corporation, ChemNutra Inc. and Xuzhou Anying Biologic Technology Development Company Ltd., Case No. 007 cv 10797 (Apr. 25, 2007) pending before Judge Douglas P. Woodlock in the District of Massachusetts

Sonja Foxe v. Menu Foods, Inc., Menu Foods Income Fund, Safeway Inc. and John Does, Case No. 2007 cv 02237 (Apr. 24, 2007) pending before Judge Amy J. St. Eve in the Northern District of Illinois

Mark Cashman and Ciro Aiello v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings Inc., The Procter & Gamble Company, The Iams Company, Chemnutra Inc. and John Does, Case No. 2007 cv 03236 (Apr. 23, 2007) pending before Judge Jed S. Rakoff in the Southern District of New York

Hayley Ford and Shannon J. Kramer  v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., Menu Foods, Inc., Menu Foods Holdings, Inc., Del Monte Foods Company, Nestle Purina Petcare Company, Hills Pet Nutrition, Nutro Products, Inc., Wal-Mart Stores, Petco Animal Supplies, Inc., Petco Southwest, Inc., Petco Animal Supplies Stores, Inc., The Iams Company, Fry's Food Centers, Smith's Food and Drug Centers, Inc., Kroger Co., Chemnutra, Inc. and Petsmart, Case No. 2007 cv 00734 (Apr. 23, 2007) pending before Judge Barry Ted Moskowitz in the Southern District of California

Gary Bruski v. Menu Foods, Inc., Nutro Products, Inc. and Petsmart, Inc., Case No. 2007 cv 02183 (Apr. 19, 2007) pending before Judge John W. Darrah in the Northern District of Illinois

Laura Migliore v. Menu Foods, Case No. 2007 cv 00575 (Apr. 19, 2007) pending before Judge Robert S. Lasnik in the Western District of Washington.

Gail Moran v. Menu Foods, Case No. 2007 cv 00576 (Apr. 19, 2007) pending before Judge John C Coughenour in the Western District of Washington

Sheryl Puett v. Menu  Foods, Case No. 2007 cv 00577 (Apr. 19, 2007) pending before Judge Robert S. Lasnik in the Western District of Washington

Heather Armo v. Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, Chemnutra Inc., Chemnutra LLC, The Proctor & Gamble

Company and The Iams Company, Case No. 2007 cv 02162 (Apr. 18, 2007) pending before Judge John W. Darrah in the Northern District of Illinois

Robert Payne, Steve Bartilucci v. Menu Foods, Inc., Petco Animal Supplies, Inc., Safeway, Inc., The Proctor & Gamble Company and DOES 1 through 50, Case No. 2007 cv 00705 (Apr. 18, 2007) pending before Judge John A. Houston in the Southern District of California

Diane Swarberg v. Menu Foods Holding Inc, The Iams Company and DOES, Case No. 2007 cv 00706 (Apr. 18, 2007) pending before Judge Barry Ted Moskowitz in the Southern District of California

Lidya Rodrigues v. Menu Foods Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund and Menu Foods Limited, Case No. 2007 cv 10745 (Apr. 17, 2007) pending before Senior Judge Edward F. Harrington in the District of Massachusetts

Lynne Carestio v. Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation, Case No. 2007 cv 01762 (Apr. 16, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Maria Teresa Ferrarese v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund and Menu Foods Limited, Case No. 2007 cv 00235 (Apr. 16, 2007) pending before Judge John E. Steele in the Middle District of Florida

Loren Byers, Kay Byers, and Camilla Brankov v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Corp., Menu Foods, Inc., Menu Foods Limited, Menu Foods Operating Limited Partnership, and DOES 1-50, Case No. 2007 cv 01747 (Apr. 13, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Kirby Cooper v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. and Wal-Mart Stores, Inc., Case No. 2007 cv 04036 (Apr. 13, 2007) pending before Judge Harry F. Barnes in the Western District of Arkansas.

Sandra L. Gray, Nick Jackson, Deena Jackson v. Menu Foods, Menu Foods Income Fund, Menu Foods Gen. Par. Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corporation, Menu Foods South Dakota, Menu Foods, Inc., Menu Foods Holdings, Inc., Walmart Stores, Inc. and Xuzhou Anying Biologic Technology Development Co. LTD, Case No. 2007 cv 05065 (Apr. 11, 2007) pending before Judge Jimm Larry Hendren in the Western District of Arkansas

Emily Tompkins v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings, Inc., Proctor & Gamble Company, The, Iams Company, The, Safeway Inc., Kroger Company, The, Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc., Case No. 2007 cv 00736 (Apr. 11, 2007) pending before Judge John L. Kane in the District of Colorado

Luke Debarathy v. Menu Foods Income Fund, Menu Foods, Inc., Nenu Foods Holdings, Inc., Menu Foods Midwest Corporation, Xuzhou Anying Biologic Technology Development

Company Ltd., and Suzhou Textile Import and Export Company, Case No. 2007 cv 01739 (Apr. 10, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Stephen Donnelly, Jennifer Hirni v. Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, Chemnutra Inc., Chemnutra LLC, Xuzhou Anying Biologic Technology Development Company LTD. and Suzhou Textile Import and Export Company, Case No. 2007 cv 20955 (Apr. 10, 2005) pending before Judge Joan A. Lenard in the Southern District of Florida

Michelle McCullough v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods, Inc., Menu Foods Holdings, Inc., Case No. 2007 cv 01710 (Apr. 10, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Karen Pirches and Denitrisse Hicks v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. , Menu Foods, Limited, and Does 1 through 100, Case No. 2007 cv 01685 (Apr. 10, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Steve Colquitt and Marianna Cutter v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods, Inc., Menu Foods South Dakota, Inc., Case No 2007 cv 01738 (Apr. 9, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Chantelle Conti and Christine Cheri Cutler v. Menu Foods Limited, Menu Foods, Inc., and Menu Foods Midwest Corporation, Case No. 2007 cv 01638 (Apr. 9, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Kelly Finestone v. Menu Foods Inc, The IAMS Company, Petco Animal Supplies Inc and DOES, Case No. 2007 cv 02338 (Apr. 9, 2007) pending before Judge Christina A. Snyder in the Central District of California

Stephanie Rozman v. Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., Menu Foods Holdings, Inc., Nutro Products, Inc., Petco Animal Supplies, Inc., Petco Animal Supplies Stores, Inc., ChemNutra, Inc., John Does 1 through 100 and PETsMART, Inc., Case No. 2007 cv 01808 (Apr. 9, 2007) pending before Judge Ann D. Montgomery in the District of Minnesota

Todd Sokolwski v. Menu Foods, Inc, Menu Foods, Menu Foods Income Fund, and The IAMS Company, Case No. 2007 cv 01709 (Apr. 9, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Gregory Boehm v. Menu Foods, Inc., Menu Foods Limited and Menu Foods Income Fund, Case No. 2007 cv 01018 (Apr. 6, 2007) pending before Judge Peter C. Economus in the Northern District of Ohio

James Connor and Francis Nash v. Menu Foods, Inc., Menu Foods Income Funds, and Menu Foods Midwest Corporation, Case No. 2007 cv 01623, (Apr. 6, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Matt Long v. Menu Foods Income Fund, Menu Foods Limited, Menu Foods Holdings, Inc., Menu Foods Inc., Menu Foods Midwest Corporation, and ChemNutra, Inc., Case No. 2007 cv 01624 (Apr. 6, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Dennis Lee Townsend and Gloria Townsend v. Menu Foods Limited, Menu Foods Inc, Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods South Dakota Inc, Menu Foods Holdings Inc, Nestle SA, Nestle Holdings Inc, Nestle USA Inc, Nestle Purina Petcare Co and Chemnutra Inc., Case No. 2007 cv 00398 (Apr. 5, 2007) pending before Judge Virginia A. Phillips in the Central District of California

Diana Diedrich v, Menu Foods, Inc., Menu Foods Income Funds, and Menu Foods Midwest Corporation, and Menu Foods South Dakota, Inc., Case No. 2007 cv 01700 (Apr. 5, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Christina Johnson v. Menu Foods, Inc, and John Does, Case No. 2007 cv 01610 (Apr. 5, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Larry Klimes, Paul Lavoie, Richard Mueller v. Menu Foods, Case No. 2007 cv 00160 (Apr. 5, 2007) pending before Judge Mikel H. Williams in the District of Idaho

Lois Grady, Kaye Steinsapir v. Menu Foods Income Fund, Menu Foods Limited, Menu Foods Operating Limited Partnership, Menu Foods Midwest Corp.,, Petco Animal Supplies, Inc., Nutro Products Inc, Does, Menu Foods, Inc. and Chem Nutra Inc, Case No. 2007 cv 02253 (Apr. 5, 2007) pending before Judge Dean D. Pregerson in the Central District of California

Jim Bullock v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Funds, and Menu Foods Limited, Case No. 2007 cv 01579 (Apr. 4, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Steven Freeman v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Funds, and Menu Foods South Dakota, Inc., Case No. 2007 cv 01646 (Apr. 4, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Cheryl Carver v. Del Monte Foods Company, ChemNutra, Inc., ChemNutra, LLC, Xuzhou Anying Biologic Technology Development Company, Ltd., Suzhou Textile Import and Export Company, Case No. 07-0654 (Apr. 4, 2007) pending before Judge David F. Levi in the Eastern District of California

Leslie Berndl, Jim Moses, Terri Moses v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Funds, Case No. 2007 cv 01553 (Apr. 3, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

David Carter v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited, Case No. 2007 cv 01562 (Apr. 3, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Jayme Pittsonberger v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited, Case No. 2007 cv 01561 (Apr. 3, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Peggy Schneider v. Menu Foods, Inc., Menu Foods Midwest Corporation and Menu Foods Limited, Case No. 2007 cv 01533 (Apr. 2, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Marion Streczyn v. Menu Foods, Inc. and Menu Foods Income Fund, Case No. 2007 cv 00159 (Apr. 2, 2007) pending before Judge Larry R. Hicks in the District of Nevada

Brazilian v. Menu Foods Income Fund, Case No. 2007 cv 00054 (Mar. 30, 2007) pending before Judge George Z. Singal in the District of Maine

Troy Gigliardi v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Case No. 2007 cv 01522 (Mar. 30, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Mark Golding v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods Limited, Menu Foods South Dakota Inc., and John Does 1 through 100, Case No. 2007 cv 01521 (Mar. 30, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Sherry Ingles v. Menu Foods, Inc, Menu Foods Income Fund, Menu Foods Midwest Corporation and Menu Foods South Dakota Inc, Case No. 2007 cv 01809 (Mar. 30, 2007) pending before Judge Maxine M. Chesney in the Northern District of California

Kam Turturro v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Case No. 2007 cv 01523 (Mar. 30, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Janice Bonier, Guy Britton, Tammy Matthews v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, Case No. 2007 cv 01477 (Mar. 29, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Julie Hidalgo v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Case No. 2007 cv 01488 (Mar. 29, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Alexander Nunez v. Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods Income Fund, and Menu Foods South Dakota Inc., Menu foods Limited ,Menu Foods Holdings, Inc., Case No. 2007 cv 01490 (Mar. 29, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Dawn Howe v. Menu Foods Limited, Menu Foods Inc, Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods South Dakota Inc, Menu Foods Holdings Inc and Menu Foods Operating Trust, Case No. 2007 cv 02060 (Mar. 28, 2007) pending before Judge S James Otero in the Central District of California

Carol Brown v. Menu Foods, Inc, Menu Foods Income Fund, Menu Foods Midwest Corporation and Menu Foods South Dakota, Inc, Case No. 2007 cv 00115, pending before Judge Mary M. Lisi in the District of Rhode Island

Stacey Heller, Toinette Robinson, David Rapp, Cecily Mitchell, Terrence Mitchell v. Menu Foods, Case No. 2007 cv 00453 (Mar. 27, 2007) pending before Judge John C Coughenour in the Western District of Washington

Suzanne E Johnson, Craig R Klemann v. Menu Foods, Case No. 2007 cv 00455 (Mar. 27, 2007) pending before Judge John C Coughenour in the Western District of Washington

Audrey Kornelius, Barbara Smithv. Menu Foods, Case No. 2007 cv 00454 (Mar. 27, 2007) pending before Judge Marsha J. Pechman in the Western District of Washington

Paul Richard, Jennifer Richard, Charles Kohler, Alicia Kohlery v. Menu Foods Income Fund, Menu Foods Limited, Menu Foods Holdings, Inc., Menu Foods, Inc., Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., and ABC Partnerships, and XYZ Corporations, Case No. 2007 cv 01457 (Mar. 27, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Michele Suggett, Don Jamesv. Menu Foods, Iams Company, Eukanuba, Dog Food Producers Numbers 1-100, Cat Food Producers 1-100 and Does 1-100, Case No. 2007 cv 00457 (Mar. 27, 2007) pending before Judge Ricardo S Martinez in the Western District of Washington

Larry Wilson v. Menu Foods Income Fund, Menu Foods Holdings, Inc., Menu Foods, Inc., Menu Foods Midwest Corporation, Xuzhou Anying Biologic Technology Development Company Ltd. and Suzhou Textile Import and Export Company, Case No. 2007 cv 01456 (Mar. 27, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Lauri A. Osborne v. Menu Foods, Case No. 2007 cv 00469 (Mar. 26, 2007) pending before Judge Robert N. Chatigny in the District of Connecticut

Paul Randolph Johnson, Tammy Navarrete v. Menu Foods Inc, Menu Foods Income Fund, Chemnutra Inc, Menu Foods Midwest Corp., and XuZhou Anying Biologic Technology Development Co Ltd, Case No. 2007 cv 01987 (Mar. 26, 2007) pending before Judge George H. King in the Central District of California

Shirley Sexton v. Menu Foods Income Fund, Menu Foods Inc, Menu Foods Midwest Corporation, SuzhouTextile Import and Export Company and Xuzhou Anying Biologic Technology Development Company Ltd, Case No. 2007 cv 01958 (Mar. 26, 2007) pending before Judge George H. King in the Central District of California

Linda Tinker v. Menu Foods, Inc., Menu Foods Income Fund, and ChemNutra, Inc., Case No. 2007 cv 01468 (Mar. 26, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Christina Toriano v. Menu Foods, Inc. and Menu Foods Income Fund, Case No. 2007 cv 60428 (Mar. 26, 2007) pending before Judge James l. Cohn in the Southern District of Florida

Debra Lynn Waldhauer and Satour Walkhauer v. Menu Foods, Inc. and Menu Foods Income Fund , and Wal-Mart Corporation, Case No. 2007 cv 00131, (Mar. 26, 2007) pending before Judge M Casey Rodgers in the Northern District of Florida

Suzanne Thompson, Robert Trautmann v. Menu Foods Income Fund and John Does 1 through 100, Case No. 2007 cv 01360 (Mar. 23, 2007) pending before Judge Peter G. Sheridan in the District of New Jersey

Suzanne Thompson, Robert Trautmann v. Menu Foods Income Fund, Menu Foods Inc., and John Does 1 through 100, Case No. 2007 cv 01360 (Mar. 23, 2007) pending before Judge Noel L. Hillman in the District of New Jersey

Richard Scott Widen and Barbara Widen v. Menu Foods, Menu Foods Income Fund, Menu Foods Gen Par Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corporation, Menu Foods South Dakota, Menu Foods, Inc., Menu Foods Holdings, Inc. and Wal-Mart Stores, Inc., Case No. 2007 cv 05055 (Mar. 23, 2007) pending before Judge Robert T. Dawson in the Western District of Arkansas

Jedd Workman, Mark Cohn, Mona Cohn v. Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation, Case No. 2007 cv 01338 (Mar. 23, 2007) pending before Judge Judge Noel L. Hillman in the District of New Jersey

Charles Ray Sims, Pamela Sims v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc. and Menu Foods Holdings, Inc., Case No. 2007 cv 05053 (Mar. 21, 2007) pending before Judge Jimm Larry Hendren in the Western District of Arkansas

Dawn Majerczyk v. Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Operating Trust, Menu Foods Limited Partnership, Menu Foods Acquisition Inc., Menu Foods Limited, Menu Foods Holdings, Inc. and Menu Foods Midwest Corporation, Case No. 2007 cv 01543 (Mar. 20, 2007) pending before Judge Wayne R. Andersen in the Northern District of Illinois

Lizajean Holt v. Menu Foods Inc., Case No. 2007 cv 00094 (Mar. 19, 2007) pending before Judge Thomas W Phillips in the Eastern District of Tennessee

Barbara Light v. Menu Foods Income Fund, Case No. 2007 cv 00098 (Mar. 19, 2007) pending before Judge Thomas W Phillips in the Eastern District of Tennessee

Tom Whaley v. Menu Foods, The Iams Company, Dog Food Producers Numbers 1-50 and Cat Food Producers 1-40, Case No. 2007 cv 00411 (Mar. 19, 2007) pending before Judge Ricardo S Martinez in the Western District of Washington

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 3, 2007, a true and correct copy of the foregoing was

served, by first class mail, postage prepaid, upon the following:

Mark J. Tamblyn
Wexler Toriseva Wallace, LLP
1610 Arden Way
Suite 290
Sacramento, CA 95825
*Attorney for Plaintiff, Cheryl Carver*

Stuart C. Talley
Kershaw Cutter and Ratinoff LLP
980 9th Street
19th Floor
Sacramento, CA 95814
*Attorney for Plaintiff, Cheryl Carver*

Steve W. Beman
Hagens, Berman, Sobol, Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
*Attorney for Plaintiffs, Stacy Heller, Suzanne Johnson, Graig Klemann, Audrey Kornelius,*
*Cecily Mitchell, Terrence Mitchell, David Rapp, Toinetre Rubinson, Barbara Smith*

John Blim
Blim & Edelson, LLC
53 West Jackson Blvd.
Suite 1642
Chicago, IL 60604
*Attorney for Plaintiff, Dawn Majerczyk*

Perry A. Craft
Craft & Sheppard, PLC
The Shiloh Building
214 Centerview Drive
Suite 223
Brentwood, TN 37027
*Attorney for Plaintiff, Lizajean Holt, Donna Lefebvre, Kim Leonard, Debra Leroy*

Stuart A. Davidson
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
120 East Palmetto Park Road

Suite 500
Boca Raton, FL 33432-4809
*Attorney for Plaintiff, Christiana Troiano*

Jason Matthew Hatfiled
Lundy & Davis, LLP
300 North College Avenue
Suite 309
Fayetteville, AR 72701
*Attorney for Plaintiffs, Charles Ray Sims and Pamela Sims*

Jeremy Y. Hutchinson
Patton, Roberts, McWilliams & Capshaw, LLP
Stephens Building
111 Center Street
Suite 1315
Little Rock, AR 72201
*Attorney for Plaintiffs, Barbara Widon and Richard Scott Widen*

Adam P. Karp
Animal Law Offices
114 West Magnolia Street
Suite 425
Bellingham, WA 98225
*Attorney for Plaintiffs, Don James and Michele Suggett*

David Michael Myers
Myers and Co. P.L.L.C.
1809 Seventh Avenue
Suite 700
Seattle, WA 98101
*Attorney for Plaintiff, Tom Whaley*

Bruce E. Newman
Newman, Creed & Associates
99 North street, Route 6
PO Box 575
Bristol, CT 66011
*Attorney for Plaintiffs, Lauri Osborne and Todd Sokolwski*

Sherrie R. Savett
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
*Attorney for Plaintiffs, Mark Cohen, Mona Cohen, and Jared Workman*

Kenneth A. Wexler
Wexler Toriseva Wallace, LLP
One North LaSalle Street
Suite 200
Chicago, IL 60602
*Attorney for Plaintiff, Shirely Sexton*

Katherine J Odenbreit
Class Action Litigation Group
11111 Santa Monica Blvd.
Suite 1000
Los Angeles, CA 90025-3344
*Attorney for Plaintiffs, Hayley Ford and Shannon J. Kramer*

Jeffrey D. Ireland
Faruki, Ireland & Cox
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
*Attorney for Defendant, Iams Company*

Edward B. Ruff, III
Pretzel & Stouffer
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673
*Attorney for Defendants, Menu Foods, Menu Foods Gen. Par. Ltd., Menu Foods Holding, Inc.,
Menu Foods Income Fund, Menu Foods Ltd., Menu Foods Ltd. Partnership, Menu Foods
Midwest Corp., Menu Foods Operating Partnership, Menu Foods South Dakota, Inc., Menu
Foods Inc.*

Eukunuba
One Proctor and Gamble Plaza C-2
Cincinnati, OH 45202

Office of the Clerk of Court for the United States District Court for the Eastern District of
California, Sacramento Division
United States Courthouse, 4th Floor
501 "I" Street
Sacramento, CA 95814

Office of the Clerk
U.S. District Court
Southern District of California
880 Front Street, Suite 4290
San Diego, CA 92101-8900

John J, McDonough, Esquire
COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, NY 10006
212.509.9400 (Telephone)
212.509.9492 (Fax)
Attorney for Defendant
Del Monte Foods Company.

30